### Henry Coon and Another v. Jacob Fry.

Irregularities in the proceedings by an administrator for the sale of the real estate of the decedent, will not affect the title of the purchaser, where there has been a compliance with so much as the statute makes essential to the validity of the sale, and the good faith of the purchaser is not questioned.

Accordingly where, in such case, the application of the administrator for license to sell was not verified by oath, guardians were not appointed for the infant heirs, and the administrator's report of the sale to the probate court omitted to show the price at which the land was sold, — *Held*, That none of these omissions affected the title of the purchaser.

*Submitted June 10th. Decided June 15th.*

Case made after judgment from Kent Circuit.

Ejectment brought by plaintiffs, as heirs-at-law of Philip Coon, deceased. Having shown title in the decedent, and his death, the defendant, to maintain the issue on his part, gave evidence from the probate records of said county, that, on July 27th, 1851, after the death of the said Philip Coon, John W. Fish was duly appointed by the Probate Court of of said county, administrator on his estate, and gave bond, and took upon himself that trust: That on January 2d, 1852, on application by the administrator, not under oath, a license was granted by said court for the sale of the premises in controversy by said administrator, for the purpose of paying the debts of said deceased: That no bond was given on said sale, nor any required by the court in granting the license: That on January 27th, 1852, the administrator took the oath required by law to be taken

before sale, and filed the same in the Probate Court: That on March 13th, 1852, the administrator filed in said court his report of the sale of said premises to Joshua Field (under whom defendant claimed); which report was correct in form, except that it omitted to show the price at which the premises were sold: That on the same day last aforesaid, an order was entered by the Probate Court confirming the said sale; and a deed was given by the administrator in pursuance thereof.

It was further shown in evidence that, at the time of said proceedings in the Probate Court, the plaintiffs were minors; and it did not appear that any guardian was appointed for them.

On these facts the Circuit Court rendered judgment for defendant.

*C. P. Calkins*, and *C. I. Walker*, for plaintiffs.

*G. V. N. Lothrop*, for defendant.

CAMPBELL J.:

Plaintiffs, as heirs-at-law, bring ejectment for lands sold by administrator. They object to the title made under the sale, on the grounds, 1st. That it does not appear from the probate proceedings that any guardian was appointed for the heirs; 2d. That administrator's application for license to sell was not upon oath; and, 3d. That the report of sale omitted to show the purchase price.

The statute (2 *Comp. L. pp.* 913, 923), provides what defects shall avoid sales, and what acts shall secure the title to the purchaser. This statute received a construction in *Howard v. Moore*, 2 *Mich.* 227. As Philip Coon, the ancestor, was a resident of the county where the proceedings were had, and the grant of administration was had there, no doubt can arise as to the probate court of that county being the one which had jurisdiction. The case shows that a license was granted, that no bond was

required, but that the oath was duly taken, and notice given, and that the sale was made accordingly, and was confirmed. There was a literal compliance with so much of the statute as is necessary to give the sale validity, and the good faith of the purchaser is not assailed. Although some steps do not appear to have been taken which should have been, yet the statute provides they may be disregarded in deducing title; and we can not, therefore, hold that a sale is vitiated by their omission. The statute, however, has made this saving provision for the benefit of purchasers, and not to encourage carelessness in probate proceedings, where great attention is needed to prevent injustice to those who are unable to protect their rights. Judgment was properly rendered in favor of the holder of the probate title, and it should be affirmed.

MANNING and CHRISTIANCY JJ. concurred. MARTIN Ch. J. did not sit, having decided the case in the court below.