## Daniel Marvin v. Frederick Schilling and another.

*Sale of lands by a guardian: defective petition: fraud.*—License was granted by the Probate Court which appointed a guardian, for the sale of lands by him. The sale was made, and a deed given in pursuance thereof. It was held that, under Compiled Laws § 3092, a person claiming adversely to the title of the ward, could not contest the validity of the sale on the ground that the petition for license to sell was defective.

Nor can he contest it on the ground that the sale was, a fraud upon the ward. If there is anything wrong in the proceedings, it may at the proper time be inquired into by the .ward, or any one claiming under him; but a third person can not drag the ward's rights into Court in a litigation between himself and the purchaser.

*Redemption by guardian.* — A guardian has a clear right to redeem his ward's lands from a mortgage sale.

*Administrator's right to possession of lands: ejectment by heir.* — The statute — Comp. L. § 2904 — authorizing executors and administrators to take possession of the lands of the deceased, does not exclude the possessory rights of the heir, but merely permits the personal representatives to claim and have possession, until a sale by them under the order of the Probate Court, or until the final settlement of the estate, if they see fit to demand it, unless ordered to deliver it over to the heir by the Probate Court. Streeter v. Paton, 7 Mich. 341.

The heir, therefore, when possession has not been demanded by the personal representatives, may maintain ejectment against third persons.

*Heard April 26th. Decided May 10th.*

Case made after judgment, from Tuscola Circuit. The facts are stated in the opinion.

*J. G. Sutherland* for plaintiff.

*W. L. Webber* and *G. V. N. Lothrop* for defendants:

1. The Probate Court of Tuscola county had no jurisdiction over the property.

The minor, Elizabeth, is represented as being the heir of Timothy L. Howe. She was not such directly, but only through her mother, and Thaddeus B. Howe, the son of Timothy. The interest that descended from Thaddeus to his mother was subject to his debts, and his estate was being administered in Macomb county. It does not appear that the mother died intestate. This land was the

estate of Thaddeus, and the jurisdiction of all other courts than the one first acquiring it, is expressly excluded by § 2878 of Comp. Laws.

The petition to the Probate Court for the appointment of guardian in the first instance is that he may sell the interest of Elizabeth in the land, but does not disclose any state of facts to authorize the Court to make a sale. There was no debt against the minor when the guardian was appointed, and the statute does not authorize the guardian to create one for no other reason than to enable a sale to be made. The power to license to sell a minor's estate for debts is only, found in § 3076 of C. L., but we insist that statute affords no jurisdiction to order a sale on the facts set out in the petitions and proceedings in this case. There were no "just debts of the ward." No person by a voluntary payment can make himself a creditor of the minor.

All guardian sales are governed by same rules as those for executors, &c.; § 3076; and the statute, § 3070, expressly requires all such sales to be made subject to all charges on the land by mortgage, or otherwise at the time of the intestate's death. Marvin therefore could not redeem. He could only sell the equity of redemption. The order assuming to give him authority to sell the land to pay a *debt thus created*, is void.

2. Elizabeth Tong had no title subject to sale. The most she had was a contingent equity of redemption, subject to the disposition to be made of the same by the Probate Court of Macomb county; until such proceedings were finished, her rights were in abeyance.

3. The object of the whole proceeding was obviously to transfer the title to Marvin, the plaintiff, by the *forms of law*, without reference to the interests of the minor.

In effect, Daniel Marvin was the guardian and the purchaser; and the sale is void by the provisions of § 3056. If the Court finds that Daniel Marvin was the party who,

through his son, called the powers of the Probate Court into exercise, and superintended and controlled them, then the sale is *void*, not only by the statute last cited, but by the well settled doctrine of the common law: — *Ingerson v. Starkweather*, *Walk. Ch.* 350 ; *Dwight v. Blackmar*, 2 *Mich.* 333.

4. The title of the defendant, Schilling, through the mortgage was and is perfect. The legal title was vested in the mortgagee. It could only be divested by redemption.

If the guardian had no right to redeem, the payment of the money by him to the register was not a redemption ; and if the money was taken by Schilling, it was as though taken from any other person with whom money might have been deposited subject to his order.

But whatever effect the paying of the money may have had, the plaintiff in this action must recover on the strength of his own title. He can not gain a title by showing that the defendant has none.

MANNING J.:

This is an action of ejectment for the N. 1-2 of S. W. 1-4 of Sec. 8, township 15 N. of R. 9 E.

The land was patented by the United States to Timothy L. Howe. Howe died between 1845 and 1848, leaving a widow, Olive B. Howe, and an only son and child named Thaddeus B. Howe. Thaddeus was never married, and died in 1855. Olive B. Howe, the widow, married Procter Tong, by whom she had one child called Elizabeth. She died in 1857. In May, 1858, Lucius S. Marvin was appointed guardian of Elizabeth Tong, by the Probate Court of Tuscola county, in which the land is situated, she at that time being about eight years of age, and residing with her father, in the state of New York, who applied to the Probate Court for Marvin's appointment as guardian.

Marvin afterwards applied to the Probate Court for a license to sell the land, which was granted, and it was in pursuance of such license afterwards sold and deeded by him to his father, Daniel Marvin, the plaintiff. And in June, 1857, Procter Tong released all his interest in the land to plaintiff. On the death of Timothy L. Howe the land descended to his son Thaddeus _ Howe, and, on his death, to his mother, Olive B. Tong, and on her death to her daughter, Elizabeth Tong, subject to her father's life estate as tenant by the curtesy (Comp. L. § 2803), if a husband can have such an estate in land acquired by his wife subsequent to the 13th February, 1855 : Comp. L. § 3292.

Schilling (the defendant Beck being in possession under him) claimed the premises under a mortgage given by Timothy L. Howe to Philander Howe, on the 11th April, 1839, and assigned by the mortgagee to one Shetterley, and by Shetterley to Schilling, by whom it had been foreclosed at law, and the mortgaged premises bid in at the sale. But before the time of redemption expired the mortgaged premises were redeemed by Marvin, the guardian.

Two principal, objections are made to plaintiff.'s recovery:

1st. Want of jurisdiction in the Probate Court granting the license to sell, for an alleged defect in the petition of the guardian for the license. The license must be granted by the Probate Court of the county in which the guardian is appointed. *Comp. L.* § 3076. The statute also provides that if the validity of a sale made by a guardian shall be drawn in question, by any person ' claiming adversely to the title of the ward, or claiming under any title that is not derived from or through the ward, the sale shall not be held void on account of any irregularity in the proceedings. Provided, it shall appear that the guardian was licensed to make the sale by a Probate Court having jurisdiction, and that he did accordingly

execute and acknowledge, in legal form, a deed for the conveyance of the premises. *Comp. L.* § 3092.

These were proved on the trial, viz: a license from the Probate Court of Tuscola to the guardian to sell the land, and a deed duly executed and acknowledged by him, conveying the premises to plaintiff. The Probate Court having jurisdiction was the Probate Court of Tuscola county that appointed the guardian: — *Howard v. Moore*, 2 *Mich.* 226; *Coon v. Fry*, 6 *Mich.* 506. It is immaterial, therefore, whether the petition of the guardian was one that the court should have granted the license upon or not. If it was wholly defective the irregularity is one that does not affect the title under the statute. The transactions so much dwelled upon on the argument, that the money with which the guardian redeemed the premises was loaned by him; that the license to sell was to repay the money so loaned; that the premises were purchased by and deeded to the father of the guardian, the person of whom the loan had been made, and that they did not sell for enough to repay him and cover all the expense the estate of the ward was put to, are matters that no way concern the defendants.

If there was any thing wrong in them it may at the proper time be inquired into by the ward, or any one claiming under her.

It is not for defendants to drag her rights into this Court in a litigation between them and plaintiff. The guardian had a clear right to redeem the mortgaged premises, and whether he used the money of his ward or his own, or loaned it of a third person for that purpose, is immaterial in the present suit.

2. Another objection made with a view to show title in a third person, is, that letters of administration were taken out by one Gardner Scott on the estate of Thaddeus B. Howe, and that the estate had not been settled.

The statute provides that administrators shall have a

MARVIN v. SCHILLING.

right to the possession of all the real estate, as well as personal estate, of the deceased, and may receive the rents, issues and profits of the real estate, until the estate shall have been settled, or until delivered over by order of the Probate Court:— *Comp. L.* § 2904. In *Streeter v. Paton* we had occasion to consider the effect of this statute on the rights of the heir, and came to the conclusion that the statute did not interfere with the descent of the real estate to the heir, and his right to take possession, or bring ejectment therefor against any one except the administrator, or some one in possession under him. And that the object of the statute was to permit the personal representative of the deceased to take possession of the real estate, and hold it until it should be sold by him under a license of the Probate Court, or the final settlement of the estate, if he thought proper to do so, unless ordered to deliver it over to the heir by the Probate Court.

The judgment below must be affirmed, with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit in this case.