ANDREW W. GRIFFIN AND OTHERS V. HENRY JOHNSON
AND WILLIAM LEE YOST.

*Administrator's Mortgage—Comp. L., §§ 4625-7.*

If the facts upon which a court of competent jurisdiction licenses
an administrator to mortgage real estate, are sufficient to
support the license, their truth cannot be questioned in a
merely collateral action.

Parties claiming under a mortgage made in pursuance of a license
duly granted, are protected by the license without investigat-
ing the truth of the facts upon which it was granted.

The bond required of an administrator upon granting him a
license to mortgage his intestate's property (Comp. L., §
4627) is to protect the estate from the misappropriation of
the money received on the mortgage, and if given before the
acknowledgment of the mortgage, and approved by the court,
the statute is satisfied.

An administrator licensed to mortgage the property of his intes-
tate is not required to take a special oath before acting.

The insertion of an attorney's fee does not invalidate an admin-
istrator's mortgage, even if unauthorized by the license under
which the mortgage was made; it could only support a claim
for the reduction of the amount due.

Where an administrator mortgages the homestead of his intes-
tate, and the widow joins, no rights are involved but those
of minor heirs, and so much of the land as remains beyond
the amount and value of the statutory homestead, is not
affected,

A license granted to an administrator to mortgage the property
of his intestate, made the interest thereon payable *annually*
on the 15th of October. The mortgage being dated in Feb-
ruary, the first installment fell due *within* a year. *Held* to
be no departure from the terms of the license.

The terms of an administrator's mortgage being prescribed in
the license allowing it to be made, and nothing being left
to the administrator's discretion, it was held that his action
might be confirmed *nunc pro tunc* even after foreclosure.

An administrator's mortgage is not avoided for mere irregular-
ities.

A proceeding that cannot affect the substantial rights of parties
cannot be worse than irregular.

Where there is no finding, the Supreme Court will not act on
the evidence.

Error to Washtenaw. Submitted June 7. Decided June 19.

EJECTMENT. The facts are in the opinion. The statute applicable to the case provides that under a license granted by the Probate Court, upon a petition from an administrator, the latter can mortgage the property of his intestate to pay debts outstanding against the estate (Comp. L., §§ 4625–7). The petition must set forth the amount of personal estate that has come to the hands of the petitioner, and how much, if any, remains undisposed of; the debts outstanding against the deceased, as far as they can be ascertained; a description of all the real estate of which the intestate died seized, and the condition and value of the respective portions or lots. Id. § 4546. Before executing the order of the court, the administrator shall give bond to faithfully execute the trust, and apply and account for moneys thereby received. Id., § 4627. The statute says nothing of an oath, but an earlier enactment, permitting an administrator to sell lands for the payment of debts, requires that before making the sale, he shall take an oath that in disposing of the real estate which he is licensed to sell, he will exert his best endeavors to dispose of it in such manner as will be most for the advantage of all persons interested. Id., § 4566. In this case the petition for the license to mortgage as set forth in the record, described the land as "being an improved farm, the homestead of the deceased." The court below tried the case without a jury, and drew up a finding of fact and law upon which it ordered judgment to be entered for the defendants, whereupon plaintiffs brought error.

*Joslin & Whitman* for plaintiffs in error. The Probate Court has no jurisdiction to license an administrator to sell or mortgage a homestead occupied as such by the widow and minor children. Const. of Michigan, Art. XVI., Sec. 3; *Howe v. McGivern*, 25 Wis., 525; *Yarboro v. Brewster*, 38 Tex., 397. An order for the sale of real estate by an administrator is invalid unless the directions of the statute have been strictly complied with; otherwise the interest of heirs and executors is not divested. *Worthy v. Johnson*, 8

Ga., 236. And the record must affirmatively show such compliance. *Gelstrop v. Moore*, 26 Miss. (4 Cushm.), 206; *Planters' Bank v. Johnson*, 7 Sm. & M., 449; *Corwin v. Merritt*, 3 Barb., 341; *Ford v. Walsworth*, 15 Wend., 449; *Farrington v. King*, 1 Bradf., 182. A mortgage made under a license from the Probate Court is invalidated by the insertion of matters not passed upon by the court, and not authorized by the license. *Edwards v. Taliafero*, 34 Mich., 13; *Adams v. Morrison*, 4 N. H., 166; *Litchfield v. Cudworth*, 15 Pick., 23; *Lockwood v. Sturdevant*, 6 Conn., 373. It is contended that the mortgage is analogous to a sale, and that in the case of a sale, an order of confirmation is necessary before the deed can be executed. *People v. Circuit Judge*, 19 Mich., 296; *Rea v. M'Eachron*, 13 Wend., 465; *Ryder v. Flanders*, 30 Mich., 343.

*Uhl & Crane* and *L. D. Norris* for defendants in error. The only question for the court below was whether the Probate Court had jurisdiction to hear the petition for license to mortgage, and this depends upon the sufficiency of the petition, order for hearing, and notice. *Jackson v. Crawfords*, 12 Wend., 533; *King v. Kent's Heirs*, 29 Ala., 542; *Iverson v. Loberg*, 26 Ill., 179; *Comstock v. Crawford*, 3 Wall., 396; *Myer v. McDougal*, 47 Ill., 278; *Fleming v. Johnson*, 26 Ark., 421. If it had jurisdiction, its decree ascertaining the amount of the indebtedness of the estate was conclusive in the court below, and if incorrect, could be remedied only on an appeal. *Bush v. Sheldon*, 1 Day, 170; *Leverett v. Harris*, 7 Mass., 292; *M'Pherson v. Cunliff*, 11 Serg. & R., 422; *Thompson v. Tolmie*, 2 Pet., 157; *Jackson v. Robinson*, 4 Wend., 436; *Wyman v. Campbell*, 6 Port., 219; *Jackson v. Irwin*, 10 Wend., 441; *Stiles v. Burch*, 5 Paige, 132; *Grignon v. Astor*, 2 How., 319; *Gates v. Treat*, 17 Conn., 388; *Jones v. Coon*, 5 Sm. & M., 751; *Pierce v. Irish*, 31 Me., 254; *Williams v. Sharp*, 2 Ind., 101; *Merrill v. Harris*, 26 N. H., 142; *Driggs v. Abbott*, 27 Vt., 580; *Wyatt v. Steele*, 26 Ala., 639; *Simpson v. Norton*, 45 Me., 281; *Crippen v. Dexter*, 13 Gray, 330; *Castro v. Richardson*, 18 Cal., 478; *California v. McGlynn*,

20 Cal., 233; *Shroyer v. Richmond*, 16 Ohio St., 455; *Rose v. Lewis*, 3 Lans., 320; *Caujolle v. Ferrié*, 13 Wall., 465; *Luchterhand v. Sears*, 108 Mass., 552; *McCauley v. Harvey*, 49 Cal., 497. A purchaser under the license need not look beyond the decree. *Perkins v. Fairfield*, 11 Mass., 227; *George v. Watson*, 19 Tex., 367. The confirmation of the proceedings to mortgage relates back to the execution of the mortgage (*Brown v. Isbell*, 11 Ala., 1009; *Wagner v. Cohen*, 6 Gill., 97; *Evans v. Spurgin*, 6 Gratt., 107; *Halliburton v. Sumner*, 27 Ark., 460) and protects all the proceedings after the license. *Bland v. Muncaster*, 24 Miss., 62; *Osman v. Traphagan*, 23 Mich., 80.

CAMPBELL, J. Plaintiffs brought ejectment as heirs at law of Stephen W. Griffin to recover lands sold to defendant Yost under a mortgage executed by the administrator of their father's estate, by virtue of a license from the court of probate of Washtenaw county. The license was granted January 29, 1872, and the mortgage dated February 1, 1872, and acknowledged March 14, for $3,000, payable October 15, 1874, with annual interest on the 15th of October in each year at the rate of ten per cent. The widow joined in the mortgage. Default having been made, the mortgage was foreclosed under the statute, March 31, 1875, subject to the statutory redemption. On the 28th of October, 1875, an order was made by the judge of probate confirming the mortgage. After the redemption expired, the purchaser, Yost, went into possession. This action was brought not long afterwards.

The validity of the mortgage is attacked for reasons lying back of the license, consisting of various facts claimed to show there was no legal occasion for the sale to pay debts, and no actual deficiency of assets. Further grounds set up were, that the property was a homestead, that an oath and bond were not taken and filed in season, that the terms of the mortgage varied from the license in regard to the time of the first interest payment, and an attorney's fee of $50, and that the mortgage was not seasonably confirmed.

The petition set forth that the personal property was exhausted except a corn sheller worth $8; that the just debts which deceased owed and which were then due, including two mortgages specified, amounted to about $3,000, and that the costs and charges of administration would be about $150. On these showings leave was asked to mortgage all or a part of the land described, being an eighty-acre farm which was the homestead of deceased, worth $4,000, and two small lots worth $240. The license authorized the whole to be mortgaged for $3,000, payable on or before October 15, 1874, with interest annually at ten per cent.; and required a bond of $6,000, and the oath required by statute. The bond was filed February 22, and approved February 27, 1872.

The allegations in the petition set up a sufficient state of facts, if true, to authorize the granting of a license. This being so, the truth or falsehood of those allegations cannot be inquired into collaterally. The court having jurisdiction, parties claiming under a mortgage made in pursuance of a license are not required to investigate the truth of those facts, but have a right to assume the court acted correctly. This doctrine has been settled by a long series of decisions of this court. *Palmer v. Oakley*, 2 Doug., 433; *Howard v. Moore*, 2 Mich., 226; *Coon v. Fry*, 6 Mich. 506; *Woods v. Monroe*, 17 Mich., 238; *Osman v. Traphagen*, 23 Mich. 80.

The statute does not require an oath, for the simple reason, probably, that, as the amount and rate and terms, of the mortgage are fixed by the license, it is of no importance from whom the money is borrowed; while in case of a sale of lands there is much room for discretion in fixing the sale in such way as to be most public and probably productive. A bond is required to protect the estate against the misappropriation of the money received on the mortgage. This bond was given before the acknowledgment of the mortgage, and was approved by the court. This is all that the statute contemplates.

We think it was no departure from the terms of the license to make the first installment of interest payable

October 15, 1872. As that was the day when the other payments were to accrue, and as annual interest could not be paid literally in annual instalments, but must fall within a shorter period first or last, the time was properly fixed.

So far as inserting an attorney's fee in the mortgage is concerned, it could not invalidate the mortgage, and could only give rise to a claim for a reduction of the amount due upon it, even if we should regard it as unauthorized. It is not a question that can be raised in this action.

The homestead question is not presented by this record, as there is no finding of such facts as would show the homestead right to have existed. The widow appears to have joined in the mortgage, and the record does not find the fact that there were minor children whose claims would be entitled to protection. None but minors would be entitled to protection when the mortgage was made. We cannot act upon evidence where there is no finding.

This objection would not affect the remainder of the land which exceeded in amount and value the statutory homestead (*Wallace v. Harris*, 32 Mich., 380; *Hanchett v. McQueen*, 32 Mich., 22); and in the present condition of the case, the question cannot be discussed.

How far the absence of a previous confirmation might affect the case if there had been any thing left to the discretion of the administrator, we need not determine. In the case of a mortgage the whole of its terms are fixed by the license, and it cannot be of any consequence whether the money is borrowed of one person or another. A confirmation in such a case is not necessary to prevent such risks as may arise out of a sale for an inadequate consideration, and is not of any importance by way of protection. There is no reason, therefore, why it may not be made *nunc pro tunc*. The statute does not make the mortgage void without it, and we think the confirmation made was valid. It cannot be supposed it was intended to make such instruments void for mere irregularities. These have been held, in the cases before cited, to have no such effect; and a proceeding which cannot affect the substantial rights of parties is no more than irregular.

We find no error in the record, and the judgment must be affirmed, with costs, and the case remanded to the court below for such further proceedings as may be legally authorized in actions of ejectment.

MARSTON and GRAVES, JJ., concurred.

COOLEY, C. J. I agree with my brethren in this case except as to what is said regarding the homestead right. I am of opinion that the record before us sufficiently presents the rights of the plaintiffs in that regard.