## RHODA S. CURTIS v. WALTER E. CAMPBELL AND ALLEN NOWLIN.

*Administrator's sale of land—Adverse possession.*

1. A purchaser at an administrator's sale has all the title the intestate had if the transfer was duly made by deed under a probate license to sell. How. Stat. § 6078.

2. An owner of outlots which he does not fence or cultivate may establish an adverse possession by cutting grass and timber, ditching, paying general and special taxes and openly and notoriously claiming and using the land.

Error to Wayne. (Jennison, J.)  June 20.—June 25.

TRESPASS.   Plaintiff brings error.   Reversed.

*Moore & Moore* and *S. W. Burroughs* for appellant.

*Cahill, Ostrander & Baird* for appellees.   Occasional entries upon land for the purpose of taking off timber or grass while the person doing so lives on other lands, do not constitute adverse possession:   *Safford v. Basto* 4 Mich. 406; *Clark v. Hall* 19 Mich. 376;  *Yelverton v. Steele* 40 Mich. 538;  *Yelverton v. Hilliard* 38 Mich. 355.

CAMPBELL, J.  Plaintiff sued defendants for trespassing on lands in which they showed no right and to which her title ran back through mesne conveyances to 1852.   She derived title immediately by administrator's deed from the estate of John Garlick.   This sale not being drawn in question by any one claiming in privity with the estate, and having been made by license from the proper probate court, cannot be declared void, inasmuch as all was shown which is required to be shown by section 4598 of the Compiled Laws. [How. Stat. § 6078.]   *Howard v. Moore* 2 Mich. 226;  *Coon v. Fry* 6 Mich. 506;  *Marvin v. Schelling* 12 Mich. 356.  She therefore has all the title that Garlick had.

The record shows testimony undisputed, tending to prove that Garlick received a warranty deed in 1857 from one Lewis who received a warranty deed in 1852.   It also shows that Garlick occupied the land from about the time of his purchase in the usual way in which outlots of land are generally occupied, by cutting timber and grass, ditching, paying general and special taxes, and openly and notoriously claiming and using it in the only way it could be used without fencing and cultivation.   The case is considerably stronger as to acts and claims than *Sparrow v. Hovey* 44 Mich. 63, where such testimony was regarded as important.

We cannot see any reason why plaintiff was not entitled to recover, and the ruling that she made out no cause of action was erroneous.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.