BERTHA PFIERRMAN V. MYRTLE WATTLES ET AL.

*Deed—Covenant—Estoppel—Infants—Guardian's sale—Jurisdiction —Foreclosure of mortgage—Set-off.*

1. Where, after the conveyance of land with covenants of warranty, it is discovered that minor heirs have an interest in the land adverse to the grantor, which interest is acquired by the grantor at · guardian's sale, the title thus acquired inures to the benefit of his grantee, who can recover nothing more than nominal damages under said covenants.

2. Where the probate court acquired jurisdiction to license the sale of real estate by a foreign guardian under How. Stat. § 6067 *et seq.*, it is not perceived how the validity of the sale can be attacked in collateral proceedings by defendants who do not represent the minors, and when no one having a right to represent them is complaining of such sale, or of the proceedings by which it was consummated; citing *Marvin v. Schilling*, 12 Mich. 360; *Griffin v. Johnson*, 37 Id. 91; *Ellsworth v. Hall*, 48 Id. 407; *Curtis v. Campbell*, 54 Id. 340; *Norman v. Olney*, 64 Id. 559; *Schaale v. Wasey*, 70 Id. 414.

Appeal from Kalamazoo. (Buck, J.) Argued May 7, 1891. Decided June 5, 1891.

Bill to foreclose a mortgage. Complainant appeals. Decree modified and affirmed. The facts are stated in the opinion.

*A. M. Stearns,* for complainant, contended:

1. If defendants' defense is construed as an equitable set-off, then it is not available, because the damages are unliquidated. The purchase money and interest is not necessarily the measure of damages where the vendee has had the benefit of the possession, as in this case, and taken off a large amount of timber; citing *Hunt v. Middlesworth*, 44 Mich. 448; *Bowne v. Wolcott* (N. D.), 48 N. W. Rep. 336; 2 Jones, Mort. § 1496.

2. The defendants' remedy is upon the covenants in the deed, and this defense is not available upon the foreclosure of the mortgage; citing *Smith v. Fiting*, 37 Mich. 148; *Leal v. Ter-*

*bush*, 52 Id. 100: *Haldane v. Sweet*, 55 Id. 196; 2 Jones, Mort. § 1500; and in New York it seems to have been entirely settled that the defense cannot be made available unless there has been an eviction; citing *Parkinson v. Sherman*, 74 N. Y. 88; *Bumpus v. Platner*, 1 Johns. Ch. 213; *Abbott v. Allen*, 2 Id. 519; *Platt v. Gilchrist*, 3 Sand. 118; and this principle has been very generally recognized throughout the United States; citing Rawle, Cov. §§ 332, 333; 2 Jones, Mort. § 1502.

*Osborne & Mills*, for defendants, contended:

1. In support of right to recoup damages in this suit, counsel cited *Burchard v. Frazer*, 23 Mich. 224; *Dayton v. Melick*, 32 N. J. Eq. 570; *Pierce v. Tiersch*, 40 Ohio St. 168; *Allen v. Shackelton*, 15 Id. 145; Wilt. Mort. Fore. §§ 384 *et seq.*, 435 *et seq.*

2. The guardian could not legally delegate the license to sell, as he attempted to do; citing *Crouch v. Eveleth*, 12 Mass. 503; *Pearson v. Jamison*, 1 McLean, 197; *Chambers v. Jones*, 72 Ill. 275; *Sebastian v. Johnson*, Id. 282.

3. There was no report of the sale under the oath of the guardian. It was, in form, under his oath, but was mere hearsay, and was not made otherwise by being positive in form; citing *Proctor v. Prout*, 17 Mich. 473.

CHAMPLIN, C. J. By a warranty deed bearing date December 6, 1888, Andrew Pfirrman and Bertha Pfirrman, his wife, of Cincinnati, Ohio, conveyed to Myrtle Wattles, Henry H. Deming, and James E. Vane, of Kalamazoo, Mich., 300.38 acres of land situated in Kalamazoo county, for the consideration of $7,350; one-half of which was paid down, and the balance secured by a note for $3,675, signed by the purchasers, payable to the order of Mrs. Bertha Pfirrman one year after date, with 6 per cent. interest, and a mortgage upon the land purchased, executed by them to secure the payment of the note. The mortgage expressed the consideration to be purchase money.

Before the purchase the purchasers were furnished with an abstract, which showed a clear title in Andrew Pfirrman to the whole of the lands, and they made the purchase relying upon such abstract. Before the note became

due defendants ascertained that the title was defective to 160 acres of the land. It appears that the title to this parcel of land was on the 14th day of September, 1867, "conveyed to John P. Pfirrman and Charles Pfirrman, jointly." The record does not contain a copy of this deed, and there is nothing to show whether the term "jointly" is intended to convey the impression that the conveyance was in joint tenancy, or whether it was conveyed to them without expressly stating it to be in joint tenancy. If in joint tenancy, the whole title would have passed upon the death of Charles to John P. No conveyance appears of record from Charles, and he died, without having been married, on the 16th day of December, 1882, leaving one brother and one sister surviving him, and two minor children of a deceased sister, as his sole heirs.

A short time previous to the sale to defendants, Andrew Pfirrman, who then claimed to own the land, took proceedings in the probate court of Kalamazoo county to establish the fact of who were the heirs of Charles Pfirrman, deceased, and in the petition filed by him represented that a brother, John H. Pfirrman, and a sister, Barbara, were the sole heirs. After obtaining a decree to that effect he obtained quitclaim deeds from these two heirs, thus making an apparently clear record title in himself. He claims and testifies that both the father and mother of these minor children were dead, and that John H. Pfirrman had adopted them as his legal heirs, and that he did not suppose, after they became the legal heirs of John H., they could inherit through their deceased mother; and he claims to have acted honestly and in good faith in the proceedings to establish who were the legal heirs of Charles Pfirrman. The defendants learned of the fact of these minor heirs to one-sixth of the 160 acres, and notified Andrew Pfirrman, their grantor,

of the defect in title. He then took steps to cure the defect. John H. Pfirrman was appointed guardian of the two minor children by the probate court of Hamilton county, where they resided. He gave the bond required by that court, presented a petition to the probate court of Kalamazoo county for license to sell their interest in the land, and such proceedings were had in that court that the lands were sold at guardian's sale, and Andrew Pfirrman became the purchaser thereat. The sale was confirmed, and conveyance made.

The note not having been paid, complainant filed her bill of complaint in the circuit court for the county of Kalamazoo to foreclose the mortgage. The defendants answered. They set up as a defense that Allen M. Stearns was the agent and attorney of Andrew and Bertha Pfirrman in making the sale to them, and that he represented that the title was clear and perfect in Andrew Pfirrman. They disclaim imputing any fraud on the part of Stearns, but allege that both complainant and her husband knew that he, Andrew, had not title to the premises, and that the abstract did not correctly show his title thereto. They assert that the attempted sale of the minors' interest was ineffectual to convey their title; that the petition was not such as to confer jurisdiction. They assail the title of Andrew Pfirrman, obtained through the guardian's sale, on the ground that the guardian took no oath in this State before the sale; that he was not present at the sale; that he could not legally delegate his authority to sell to another; that there was no report of sale under oath by the guardian.

They further set up in their answer that both complainant and her husband are non-residents of the State of Michigan, and are pecuniarily insolvent and irresponsible, and ask to recoup and have allowed to them their

86 MICH.—17.

damages by reason of the failure of consideration, and also the damages they have sustained in consequence of the loss of an opportunity to sell the premises, and pray the benefit of a cross-bill.

The circuit court found that defendants were entitled to offset against the complainant's note and mortgage the sum of $653.34 by reason of their damage sustained on account of the defective title obtained by them from Andrew Pfirrman, and directed a decree of foreclosure for the balance. Complainant appeals.

If the proceedings to perfect the title through the guardian's sale in the probate court of Kalamazoo county were legal, the title acquired thereby by Andrew Pfirrman inured to the defendants by virtue of the covenants of warranty in his deed to them, and the alleged defect in title would be cured, and nothing more than nominal damages could be recovered under the covenants of warranty in the deed.

There is nothing in the testimony to show that the appointment of the guardian by the probate court of Hamilton county, Ohio, was not legal. How. Stat. § 6067, authorizes the foreign guardian of minors residing out of this State, and having no guardian in this State, to file an authenticated copy of his appointment in the probate court of any county in this State where there may be real estate of the ward; and then he may be licensed to sell the real estate for the payment of debts of the ward and the charges of managing his estate, in the same manner and upon like terms and conditions as domestic guardians, except that, if it appear to the court that the foreign guardian is already bound with sufficient sureties in the county where appointed, and an authenticated copy of such bond is filed in the probate court of this State, no further bond shall be required here, etc.

These requirements were complied with, and the petition for license was very full, and showed that it was necessary to sell the real estate of the minors to pay the debts of the wards incurred for their maintenance. The petition was sworn to before a notary public of Hamilton county, Ohio, and his authority to administer the oath was duly authenticated. If it were not, it has been held by this Court that the want of verification will not avoid a sale. *Coon v. Fry,* 6 Mich. 506.

We are satisfied that the probate court obtained jurisdiction to license the sale. This being so, it is not perceived how the validity of the sale can be attacked in these collateral proceedings. The defendants do not represent the minors, and no one having a right to represent them is complaining of such sale, or the proceedings by which it was consummated. As was said in *Marvin v. Schilling,* 12 Mich. 360: "It is not for defendants to drag their rights into this Court in a litigation between them and plaintiff." See, also, *Griffin v. Johnson,* 37 Mich. 91; *Ellsworth v. Hall,* 48 Id. 407; *Curtis v. Campbell,* 54 Id. 340; *Norman v. Olney,* 64 Id. 559; *Schaale v. Wasey,* 70 Id. 414.

The defendants failed to make good the allegations of their answer wherein they stated that complainant and Andrew Pfirrman are pecuniarily irresponsible. The evidence discloses, and it is uncontradicted, that Andrew Pfirrman is worth $100,000 over all liabilities, and that complainant owns property worth $16,000. The defendants set up in their answer, and the testimony shows, that the land purchased, with the exception of about 35 acres, was wild timbered land. The proofs further show that defendants have cut and sold timber from said lands of the value of over $6,000. It is true that Mr. Vane thinks they lost money in getting out the timber; that the value was all consumed in the expense of getting the

timber ready for the market. It further appears from the testimony of Mr. Vane that defendants had an offer for the land of $7,500, they reserving all lumber, wood, and logs that had been cut, which at that time was estimated as worth something over $4,000.

We do not think that under the facts disclosed in the record the defendants are entitled to an equitable offset. They have not been ousted, and the title has not entirely failed to any portion of the premises purchased, and at the time the bill was filed the title of record was perfected. If any defect still exists in fact or law they have a perfect remedy against their grantor upon the covenants of the deed. It might work injustice to deduct over $600 from the money due complainant on the suspicion that the minors, when they arrive of age four or five years hence, may attempt to and succeed in overthrowing the guardian's sale. They may not endeavor to do so, and might not succeed if they should make the attempt.

The decree of the circuit court must be modified so as to include the whole amount secured and unpaid upon the note and mortgage, and, so modified, will be affirmed, with the costs of both courts to complainant.

MORSE and McGRATH, JJ., concurred. GRANT and LONG, JJ., did not sit.