## JOHN C. HAINES v. LEMUEL SAVIERS.

*Practice in Supreme Court—Exceptions during trial—Findings of trial court.*

1. Rulings made upon the admission of evidence cannot be reviewed unless excepted to.
2. A party who desires to review a judgment rendered in a case tried before the court without a jury, and to question the conclusions reached by the court upon the facts and law, must have written findings, both of fact and law, and must take his exceptions thereto.[1]

Error to Gratiot.    (Daboll, J.)    Argued October 25, 1892.    Decided November 4, 1892.

*Assumpsit.*    Defendant brings error.    Affirmed.    The facts are sufficiently stated in the opinion.

---

[1] See *Morgan v. Botsford*, 82 Mich. 153.

*C. J. Willett,* for appellant.

*Newell Leonard,* for plaintiff.

GRANT, J. It is stated in the commencement of the record in this case that "the following testimony was introduced, which is all that was offered by the parties." The case appears to have been tried before the court without a jury.

Two errors are assigned: (1) That the court erred in admitting evidence, and (2) that he erred in rendering judgment for the plaintiff.

1. No exception was taken to the ruling of the court upon the evidence. Therefore such ruling cannot be reviewed in this Court.

2. No written demand for a written finding of facts and law was filed, nor did the judge make and file any such written finding. He who desires to review in this Court a judgment, wherein a trial was had before the court without a jury, and to question the conclusions reached by such court upon the facts and the law, must have a written finding, both of facts and law, and must take his exceptions thereto. Circuit Court Rules, 87–90; *Griffin v. Johnson,* 37 Mich. 87; *Plumer v. Abbey,* 39 Id. 167; *Green v. Gill,* 47 Id. 86; *Irwin v. Schlief,* 48 Id. 237; *Wertin v. Crocker,* 47 Id. 642; *Cragin v. Gardner,* 64 Id. 399; *Keystone Lumber & Salt Mang. Co. v. Jenkinson,* 69 Id. 220.

Under the present record, the judgment must be affirmed, and it is so ordered.

The other Justices concurred.