EDWARD W. ALEXANDER CO. *v.* GRIGGS.

APPEAL AND ERROR—NOTHING TO REVIEW WHERE NO FINDINGS OF COURT FILED.

> Where, in a case tried before the court without a jury, no findings were filed and no request therefor was made, as required by Circuit Court Rule No. 45, there is nothing before the Supreme Court to review; motion for new trial not supplying exceptions not taken at the trial.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted June 14, 1927. (Docket No. 67.) Decided July 29, 1927.

Garnishment proceedings by Edward W. Alexander Co., Inc., against James A. Griggs, principal, and Joseph Marienthal and others, garnishee defendants. Judgment for plaintiff. Garnishee defendants bring error. Affirmed.

*Bruno L. Blinstrub,* for appellants.

*William J. Griffin* (*Howell S. White,* of counsel), for appellee.

SHARPE, C. J.   The garnishee defendants seek review by writ of error of a judgment rendered against them in a suit brought by plaintiff against James A. Griggs, in which garnishee process was served upon them. They severally filed disclosures denying liability. They were examined before a circuit court commissioner, and thereafter a demand for trial of the statutory issue· was filed. It came on for hearing, and was tried before the court without a jury, resulting in a judgment for plaintiff. No request was made for findings, as required by Circuit Court

Appeal and Error, 3 C. J. § 843; 4 C. J. § 2546.

Rule No. 45, nor were any filed.    Defendants thereafter filed a motion for a new trial, which was denied.

Plaintiff's counsel insists that there is nothing before this court for review.    In this he is clearly right. To again impress the necessity of a compliance with the rule upon the members of the bar, we quote from *Moore* v. *Royal Oak Lumber & Supply Co.,* 171 Mich. 400, 402:

"The judge before whom the cause was tried, without a jury, filed an opinion, but filed no finding of facts and law.    It does not appear that he was requested to make findings.    It does not appear that exceptions were taken to such conclusions, as from the opinion appear to have been reached.    Various errors are assigned by the plaintiff, but one of which—the last—which refers to the refusal of a new trial, appears to be based upon an exception.    If there are others, they are not pointed out either by the record or by the brief.    A motion for a new trial does not perform the office of supplying exceptions not taken at the trial.    It has been repeatedly held that, where no request is made for a finding either of law or facts as required by the rule, and the trial judge does not make any such finding, there is nothing for this court to review.    *Child* v. *City of Jackson,* 93 Mich. 503; *Haines* v. *Saviers,* 93 Mich. 440; *Rice* v. *City of Muskegon,* 150 Mich. 679."

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.