DAVID v. PAUL.

1. APPEAL AND ERROR—EXCEPTIONS TO FINDINGS—SUFFICIENCY OF EVIDENCE.

Where no exceptions were taken to trial court's findings of fact, as required by Circuit Court Rule No. 45, assignments of error based on insufficiency of evidence to support particular findings may not be reviewed.

2. FRAUD—PRIMA FACIE CASE.

In action based on fraud and deceit, evidence that defendant falsely represented that he was sole representative of father of girl plaintiff wished to marry, that father had instructed him to collect $500 before his consent be given to marriage, and that plaintiff, relying thereon, paid defendant $500, held, sufficient to establish prima facie case.

Error to Wayne; Gilbert (Parm C.), J., presiding. Submitted October 18, 1929. (Docket No. 157, Calendar No. 33,109.) Decided December 3, 1929.

Case by David S. David against Sam Paul for money fraudulently obtained. From a judgment for plaintiff, defendant brings error. Affirmed.

Nichols, Nichols & Nichols and L. E. Barnett, for appellant.

POTTER, J. Plaintiff sued defendant for having, by deceit and false representations, procured from him $500. There was judgment for plaintiff and defendant brings error. Plaintiff lived in Detroit. His present wife, then unmarried, lived in the home of defendant. Plaintiff desired to marry her. Defendant represented he was sole representative of the father of the girl; that her father, who lived in

Syria, had instructed defendant to collect $500 before his consent be given to her marriage to plaintiff. Plaintiff introduced testimony tending to show it was agreed that after the marriage plaintiff and defendant would go to the bank, draw the money, and send it to the father. Plaintiff claims he relied upon such representations, and gave defendant a check for $500, which defendant cashed. Plaintiff's testimony shows that after the marriage he and his wife decided to send the money and asked defendant to go to the bank. Defendant refused to do so, and said he had spent the money. At the conclusion of plaintiff's testimony, defendant moved to direct a verdict on the ground there was no proof the money had not been transferred to plaintiff's wife's father in Syria. The court, without ruling upon the motion, took defendant's testimony. Defendant admitted he asked plaintiff for the money, gave plaintiff a receipt for the check, and that plaintiff asked defendant to hold the check. Defendant says he claimed the money and kept it, and never had any authority from plaintiff's wife's father to collect it. At the conclusion of the testimony, defendant renewed his motion to direct a verdict, and assigns error upon the court having refused to do so.

No requests for finding of fact and law were presented to the court under Circuit Court Rule No. 45. No proposed amendments to the findings of fact were made. No exceptions were filed thereto, as required by Rule No. 45. Where no exceptions are taken to the findings as required by the rule, assignments of error based upon the sufficiency of the evidence to support the particular findings cannot be reviewed. *Haines* v. *Saviers,* 93 Mich. 440; *Child* v. *City of Jackson,* 93 Mich. 503; *Edward W. Alexander Co.* v. *Griggs,* 240 Mich. 71; *Evangelist* v.

*Falzerano,* 241 Mich. 62; *Smarr* v. *Colgrove,* 242 Mich. 56. Aside from this, when plaintiff rested, a *prima facie* case had been established. Judgment affirmed, with costs.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.