HENRY C. WALDRON v. THE TOLEDO, ANN ARBOR & GRAND TRUNK RAILWAY COMPANY.

*Right of way—Forfeiture for non-performance of condition subsequent— Parol license superseded by written contract.*

. The provisions of a deed must be construed together and effect given, if possible, to every clause so that its intent may be deduced from the whole instrument.

2. A grantor who seeks the forfeiture of the grant for non-performance of a condition subsequent must stand on his strict legal rights; any ambiguity in his deed or defect in testimony will be taken most strongly against himself.

3. A deed of a right of way to a railroad company on condition that the company lay a side-track in some convenient place to be chosen by the grantor, on his premises, within a specified time, or in default forfeit the grant, is *construed* to mean that the period within which the track must be laid shall not begin to run until the grantor has designated the place for it.

4. An agreement for a railroad right of way cannot rest partly in writing and partly in parol, and if so made the written contract supersedes the oral.

5. One who has received, kept and acted on a deed is estopped from claiming that it is not such a deed as should have been given.

Error to Washtenaw.　(Joslyn, J.)　Oct. 9.—Jan. 7.

EJECTMENT.　Plaintiff brings error.　Reversed.

*Henry C. Waldron*, in person, *A. J. Sawyer* and *Geo. M. Huntington* for appellant.　A right of way is an interest in land and a verbal agreement to convey it is void: *D. H. & I. R. R. Co. v. Forbes* 30 Mich. 175 ; and verbal agreements or licenses are merged in a subsequent deed: *Martin v. Hamlin* 18 Mich. 354 ; *Street v. Dow* Har. Ch. 428 ; *Oelricks v. Ford* 23 How. 49 ; *Stevens v. Cooper* 1 Johns. Ch. 429 ; *Adair v. Adair* 5 Mich. 204 ; *Jones v. Phelps* 5 Mich. 218 ; *Crosier v. Acer* 7 Paige 141 ; *Cook v. Combs* 39 N. H. 593 ;

*Austin v. Sawyer* 9 Cow. 39; *Stackpole v. Arnold* 11 Mass.
30; *Dix v. Otis* 5 Pick. 38; *Conner v. Coffin* 22 N. H. 543;
*Noble v. Bosworth* 19 Pick. 314; *Powell v. Edmunds* 12
East 6; *Hoyt v. French* 24 N. H. 199; *Lany v. Johnson* 24
N. H. 302; *Hoxie v. Hodges* 1 Or. 251; *Richardson v. Com-
stock* 21 Ark. 69; *Underwood v. Simonds* 12 Met. 278;
*Adams v. Wilson* 12 Met. 138; *Oskaloosa College v. Stafford*
14 Ia. 152; and if the grantee accepts it the whole contract
is conclusively presumed to be covered by it: *Houghtaling
v. Lewis* 10 Johns. 297; *Mumford v. M'Pherson* 1 Johns.
414; *Howes v. Barker* 3 Johns. 506; *Shemerhorn v.
Vanderheyden* 1 Johns. 140; if the grantee fails to perform
the condition of the deed and the grantor notifies him that
he must surrender possession, the title reverts: *Watters v.
Bredin* 70 Penn. St. 235; *Eggleston v. N. Y. & H. R. R.*
35 Barb. 162; *Blanchard v. D. L. & L. M. R. R.* 31 Mich.
50; *Hammond v. Port Royal & Augusta Ry.* 11 A. & E.
Ry. Cas. 352; *Indianapolis P. & C. R. R. Co. v. Hood* 66
Ind. 580; *Taylor v. Cedar Rapids & St. Paul R. R. Co.* 25
Ia. 371; *Chicago & Iowa R. R. v. Davis* 86 Ill. 20; *Aikin
v. Vt. & Can. R. R.* 26 Barb. 300.

*James M. Ashley, Jr., E. D. Kinne, I. R. Grosvenor* and
*Chas. R. Whitman* for appellee. Ejectment will not lie
against the claimant of a mere easement in land: Washb.
Easements (3d ed.) 693, § 7; 1 Cent. L. Journal 503, 509;
1 Redfield on Railways 300, 373, 381, 384; *McAulay v. W.
V. Ry. Co.* 33 Vt. 311; *Goodin v. C. & W. C. Co.* 18 Ohio
St. 169; *Hornback v. C. & Z. Ry. Co.* 20 Ohio St. 81; *Aus-
tin v. Rutland Ry. Co.* 2 Am. Ry. Rep. 49; *Baker v. C.
R. I. & P. Ry. Co.* 57 Mo. 265: s. c. 9 Am. Ry. Rep. 168;
*Blanchard v. D. L. & L. M. Ry. Co.* 31 Mich. 43; *M. H.
& O. Ry. Co. v. Harlow* 37 Mich. 555; *Harlow v. M. H. &
O. Ry. Co.* 41 Mich. 336; a license becomes irrevocable when
it is coupled with an interest by expenditure of moneys and
improvements made: 1 Rorer on Railroads 321; 1 Redf.
Railways 384; *Le Fevre v. Le Fevre* 4 S. & R. 245; *Rerick
v. Kern* 14 S. & R. 267.

CHAMPLIN, J. Plaintiff brought ejectment for a strip of
land occupied by defendant as a right of way in the city of
Ann Arbor, claiming title in fee. The plea was the general
issue. In 1880 plaintiff was the owner in fee of the land in
question. At that time the Toledo, Ann Arbor & North-

eastern Railroad Company was engaged in constructing a railroad, and desired to build it on and over the land in question, and applied to plaintiff, who was secretary of the company, for permission to do so. Plaintiff and said company had been negotiating with reference to this right of way. Plaintiff offered to let them have the right of way on condition that they would build and maintain a side track from a point on the right of way to some ice-houses, owned by plaintiff, situated near the bank of the Huron river, for the accommodation of plaintiff and the public. This was accepted by the company, and at the same time plaintiff sold to the company a bank of ground for $500, with which to fill a portion of the road-bed over this right of way, and the company went into immediate possession thereof, and constructed their road over the right of way aforesaid.

Afterwards, and prior to the 17th day of March, 1881, the said railroad company consolidated with another company, and the new company so formed assumed the name of the Toledo, Ann Arbor & Grand Trunk Railway Company, the defendant in this suit. On the 17th day of March, 1881, plaintiff and his wife executed and acknowledged a deed to the defendant by its corporate name, of the right of way, describing the same with particularity, and stating the consideration thereof to be as follows:

" For and in consideration of the company's building within eight months from the date hereof, and maintaining, so long as said company's railway shall be operated, a side track upon the land and right of way hereinafter described, so far as the same can be done, for the use of the parties of the first part, in connection with the public; said side track to be located on the northerly side of said company's main line, and to extend from where the said main line crosses the westerly line of block number two (2), Brown & Fuller's addition to the village (now city) of Ann Arbor, southwesterly along said company's main line to the ice-houses of the parties of the first part, on the Huron river."

After the habendum clause the deed contains the following: "Provided, further, if the side track above mentioned

is not built within the time specified, this grant shall be null and void." This deed the plaintiff delivered to the defendant on the 27th day of April, 1881, and the same was recorded in the office of the register of deeds of Washtenaw county on the 7th day of June, 1881. Afterwards, and before the expiration of the eight months, plaintiff applied to defendant and notified its officers that he should insist upon the terms of the deed, but nothing was done towards constructing the side track. In February, 1882, defendant commenced to widen the road-bed over the right of way described in the deed, and plaintiff mailed to Mr. Woodford, the general manager of the road who held his office at Jackson, a notice forbidding defendants to go-upon the right of way, to run trains thereon or over, or to deposit any material thereon—stating that the conditional deed had lapsed and the land reverted to plaintiff, and pointing out several acts which he claimed to be trespasses. This letter bears date March 27, 1882. On the 24th of June, 1882, plaintiff served on the superintendent of defendant a formal notice declaring the deed null and void by reason of the failure to comply with or perform the conditions thereof, and notifying it to surrender and deliver to him the possession of the land, describing it.

The plaintiff's counsel requested the court to charge the jury as follows:

1. The defendant having received, recorded, retained and acted upon the deed from the plaintiff to it of the right of way in question, is now estopped from saying it is not such a deed as the plaintiff should have given.

2. If the defendant wholly failed to construct the side track mentioned in the deed within the time therein expressed, and the plaintiff, as soon as practicable after said failure, notified the defendant or its president, or other officers in charge of the construction of the road, that he should insist upon his right of forfeiture under the deed on account of such failure, the deed, as a transfer or conveyance of title, would thereby become void and the plaintiff would be entitled to your verdict in his favor.

3. The circumstance that the defendant was suffered to commence its work of the construction of its road upon or across the land in question under or in consequence of a verbal agreement to put in a side track, and in pursuance of which the deed was made, becomes unimportant in view of the terms of the deed accepted by the defendant.

4. If the deed was in accordance with the preceding oral agreement relating to the right of way, then such oral agreement is unimportant in this case. Which several requests were refused.

The court charged the jury as follows:

"*Gentlemen of the Jury:* In this case, all of the witnesses and both parties agreeing or swearing and agreeing that the railroad company entered into these premises by the consent or license of the plaintiff, and had constructed its road under the license and were running the railroad at the time this action was commenced, I charge you that the conditions of this deed, or the execution of the deed, are entirely immaterial in this action. That after A. has consented that the railway company may enter upon his lands and build a railroad, and under that license the railroad company built a mill or anything of that kind, after it is done the license has become an irrevocable license, and no action of ejectment can be maintained against the party who has spent his money under such a license, and your verdict must be for the defendant."

Under the evidence, as it appears in the record before us, the plaintiff was entitled to have his first, third and fourth requests given to the jury. The second request to charge would have been proper, if the facts in the case had been sufficient to justify it. The plaintiff seeks to enforce a forfeiture of his grant because of the non-performance of a condition subsequent. He must therefore stand upon his strict legal rights, and must be prepared to show that his grantee is in fault. If there be any ambiguity in the deed, or any want of testimony to establish clearly his right to insist upon the forfeiture, it will be taken most strongly against him. Now by referring to the deed, it will be seen that it grants not only a right of way for defendant's line of road, but also the right of way for constructing the side

track, in the following language : " And also the right to lay a side track from the company's main line to the ice-houses of the parties of the first part on the Huron river, in some convenient place to be selected by the said Henry C. Waldron."

We fail to find in the record before us any evidence of the fact that plaintiff has ever selected the route of the side track and notified defendant thereof, and until that is done it is difficult to see how the defendant can be in default for not building the side track. The several parts of the instrument must all be construed together, and effect given to every clause thereof, if possible, and the intent to be gathered from the whole instrument is that the eight months' time does not commence to run until the place upon which the side track is to be built is selected by Mr. Waldron. As the record stands there was no error in refusing the second request. The charge made by the learned circuit judge was erroneous. The parol agreement became merged in the written deed. If the possession is to be regarded as taken under the parol agreement afterwards reduced to writing, then, inasmuch as no such agreement can rest partly in writing and partly in parol, the writing will supersede everything else, and becomes the criterion by which to determine the rights of the parties. *Druse v. Wheeler* 22 Mich. 439. It is unnecessary under this record to inquire or to decide what the rights of the parties would have been if they depended entirely upon the parol license under which possession was taken.

The judgment must be reversed and a new trial granted.

The other Justices concurred.