ANDREW WILCOX AND HOMER WILCOX v. THE TOWN-
SHIP OF EAGLE.

81 271
f150 ¹681

*Schools and school-districts—Taxes—Assessment—Findings of fact.*

1. Under circuit court rule 90, findings of fact are to be treated as a special verdict, and if no exceptions are taken the only question that can be considered in the appellate court is whether the findings support the judgment; citing *Trudo v. Anderson*, 10 Mich. 357; *Railroad Co. v. Byerly*, 13 Id. 442.

2. How. Stat. § 5090, which provides that where school taxes are not assessed at the proper time they shall be assessed the succeeding year, applies to a case where the district board fails to certify a tax to the township clerk in time for certification to the supervisor for assessment, which statute is in the very line of an uniformity of taxation.

3. Rules of taxation may at times operate harshly, but courts cannot for that reason declare them void if a proper exercise of taxing power.

So *held*, where lands purchased in February, 1888, were assessed in that year for a school tax which failed of assessment in 1887 because not certified to the supervisor, of which fact the purchaser had no notice.

Error to Clinton. (Smith, J.) Argued May 14, 1890. Decided June 6, 1890.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Norton & Brunson,* for appellants.

*L. W. Hill* and *Fedewa & Lyon,* for defendant.

LONG, J. This cause was commenced in the circuit court for Clinton county, and tried before the court without a jury, who gave judgment for plaintiffs for $18.48. The court made findings of fact and law. No

exceptions were taken to the findings. Plaintiffs bring error.

Under circuit court rule 90, the findings are to be treated as a special verdict; but, no exceptions being taken to the findings, the only question that can be considered in this Court is whether the findings support the judgment. To raise this question no exceptions are necessary. *Trudo v. Anderson,* 10 Mich. 357; *Amboy, etc., R. R. Co. v. Byerly,* 13 Id. 442. The findings of fact are *substantially* as follows:

1. Plaintiffs bring suit to recover back certain school taxes assessed upon land owned by them in 1888, said land being in fractional district No. 11 of Eagle and Oneida townships, which was a graded school-district since January 1, 1877; the land on which the tax was levied being all in the township of Eagle.

2. Plaintiffs bought the land of one Hayes, and received a warranty deed therefor on February 10, 1888; the deed containing the usual covenants of warranty.

3. There was voted by the school board of said district, on September 7, 1887, the sum of $2,756.76, over and above primary school interest fund and mill tax, to meet the expenses of the school-district for the ensuing year. A certificate showing the different items making up this amount was made and signed by all the members of the board, October 1, 1887, but was not served on the clerk of the township of Eagle until sometime in December, 1887. The proceedings of the board show that only $200 was voted for incidental expenses for 1887. The certificate made and dated October 1, 1887, shows the amount for incidental expenses to be $219.74.

4. None of the amounts included in this certificate were, however, assessed against the property in said district lying in the township of Eagle in the year 1887.

5. In 1888 the school-district board voted the necessary amounts for school purposes, and included therein the amount which was not assessed against the property in Eagle, in 1887. It was stated in the certificate: "Taxes for 1887, uncollected in Eagle, to be assessed in Eagle, $217.72;" and the certificate, signed by all the district officers, was delivered to the township clerk of Eagle, September 15, 1888, directing him to report the same to the supervisor of Eagle.

6. Of the $217.72, assessed in 1888, as a part of the tax for 1887, the plaintiffs paid $183.22, and of the taxes of 1888 they paid

$227.94, making a total of $411.16. This amount the plaintiffs paid under a written protest, and this action is brought to recover that sum.

7. At the annual meeting of the district, held September 3, 1888, the district, on the recommendation of the board, voted to raise $4,200 for the current year, $200 of which was for the purpose of building a front walk; but the record of the district meeting does not show what the other $4,000 was voted for; and the members of the board, when they made their certificate to the township clerk, added, to the $4,200, $217.72 of the tax of 1887 that was not assessed in Eagle in 1887, making a total of $4,417.72.

8. It was agreed by the counsel for the respective parties on the trial of the case that plaintiffs paid, in 1889, of the excess of $19.74 reported by the board for incidental expenses, the sum of $18 00.

9. The amount certified by the district board in 1888, to the clerk of Eagle township, was duly assessed and levied upon the property in said district in the township of Eagle.

10. Of the tax certified to the clerk of Eagle in 1887, and assessed over to that portion of the school-district lying in Eagle, in 1888, $7.12 would have been assessed against the personal property of E. M. Hayes had it been assessed in 1887.

"From the foregoing facts, I conclude that the illegality or omission shown in this case affects the amount of the tax only; that the $19 74 excess reported by the board was unauthorized and illegal, and, it being agreed that the plaintiffs paid of this amount $18, they should recover that amount, with interest at six per cent. from February 11, 1889, which amounts to $18.48."

For this amount judgment was entered.

It is contended by counsel for plaintiffs that they should have judgment, under this finding of facts, for the full amount of taxes paid by them for school purposes:

1. Because there is no law to warrant the spreading of the tax of 1887 in the year 1888.

2. If it is found that the law directs such action, it is in conflict with that provision of the Constitution which declares that the Legislature shall provide an uniform rule of taxation.

It is provided by section 5090 of Howell's Statutes that—

"If any taxes provided for by law for school purposes

shall fail to be assessed at the proper time, the same shall be assessed in the succeeding year."

It is contended that this provision applies only where there is nothing left to be done except the assessing, and not to a tax where any of the steps leading up to the assessment have not been taken; that in this case there was not only a failure to assess the tax, but the school-board failed to certify the amount to the clerk of Eagle in time, and the clerk failed to certify the same to the supervisor. We cannot accept this view. The statute was intended to meet just such cases. The tax was properly raised by the board, and failed of assessment for the reason that the board did not certify it to the clerk in time for the supervisor to spread it on his roll for that year. Under this statute, it was therefore properly assessed the next year.

Under the second objection of the counsel, it may be said that the law authorizing such assessment is in the very line of an uniformity of taxation. It is not contended but that the proceedings of the school-district board in voting this tax were regular, and the amount within the power of the board to raise for such purposes. It only failed because the board neglected to certify it to the town clerk of Eagle in time to have it certified to the supervisor for that year's assessment. The land in that town was properly chargeable with its proportion of the taxes of that school-district for the year 1887, and it only paid its proportion when it paid that amount as assessed in 1888. This view is fully supported by *Brevoort v. Detroit*, 24 Mich. 325; *Fairfield v. People*, 94 Ill. 255; *Tallman v. City of Janesville*, 17 Wis. 71; *Cross v. City of Milwaukee*, 19 Id. 509.

It is said, however, that this rule operates oppressively upon the plaintiffs in this case, as they purchased the lands in February, 1888, and at that time the tax of 1887

was not a lien on the land, and was a tax which should have been paid by the former owner, and of which the plaintiffs had no notice. It is true that rules of taxation may at times operate harshly, but we cannot declare them void if it is a proper exercise of taxing power. The land purchased by plaintiffs must be subjected to its share of the public burdens, and it was only so made subject to this burden by the assessment in 1888. *Tallman v. City of Janesville, supra.*

The court found that this $19.74 certified to the clerk in the year 1887 was not included in the amount voted to be raised that year, and that of this amount the plaintiffs paid $18, which, with interest thereon, the court awarded to the plaintiffs.

The findings fully support the judgment, and it must be affirmed, with costs.

The other Justices concurred.