·GEORGE H. DODGE v. NICHOLAS KENNEDY AND IDA KENNEDY.

*Foreclosure of mortgage — Redemption — Estoppel — Practice in Supreme Court.*

1. Where no exceptions are taken to the findings of fact made by the circuit judge, the appellate court cannot review the facts found, or determine whether the findings are supported by the evidence; citing *Peabody v. McAvoy,* 23 Mich. 526; *Haines v. Saviers,* 93 Id. 440; *Child v. City of Jackson,* Id. 503.

2. A plaintiff in ejectment, who claims under a sheriff's deed issued on the statutory foreclosure of a mortgage, is bound by the recital in the deed of the rate of interest borne by the mortgage, it appearing that the defendants paid the amount necessary to redeem within the statutory year if interest is computed at the rate stated in the sheriff's deed.

3. Where a sheriff's deed issued on the statutory foreclosure of a mortgage recited that the mortgage bore interest at the rate of 7 per cent., when in fact the rate was 8 per cent., and in reliance upon such recital the parties entitled to redeem paid the necessary sum within the redemption year, computing interest at the rate stated in the deed, and the mortgagee, who had knowledge of the facts for several days prior to the expiration of the redemption year, took no steps to apprise the parties who had made the redemption of the mistake in the deed, he is estopped from thereafter claiming that the redemption was not effectual to discharge the land from the lien of the mortgage.

Error to Clinton. (Daboll, J.) Argued October 25, 1892. Decided December 2, 1892.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William H. Castle,* for appellant, contended:

1. No particular form or ceremony is necessary to constitute a delivery of a deed; citing *Gunnell v. Cockerill,* 79 Ill. 79; and if the title to the land passed to Smitherman subject to the mortgage, the subsequent quitclaim deed conveyed no title, and defendants had no right to redeem; citing How. Stat. § 8507; and a volunteer cannot redeem; citing *Smith v. Austin,* 9 Mich. 465; *Harwood v. Underwood,* 28 Id. 427.

2. The right tó redeem is a statutory right, and the party having such right must pay the amount bid, with interest from the time of sale to date of redemption at the rate borne by the mortgage; citing How. Stat. § 8507; *Cameron v. Adams,* 31 Mich. 426; *Adams v. Cameron,* 40 Id. 506.

*Edwin H. Lyon* and *Byron V. Soule,* for defendants, contended for the doctrine of the opinion.

LONG, J. This action of ejectment was tried in the circuit court for Clinton county before the court without a jury. Findings of fact and law were filed on February 13, 1892, and on the 16th of that month plaintiff's counsel took exceptions to the conclusions of law, but none to the findings of fact. We cannot, therefore, review the facts found, or determine whether these findings are supported by the evidence. *Peabody v. McAvoy,* 23 Mich. 526; *Haines v. Saviers,* 93 Id. 440, and the rule and cases there cited. See, also, *Child v. City of Jackson,* Id. 503.

By the facts found it appears that on February 2, 1885, Mary Ann Barber was the owner of the premises described in the declaration. On that day she made, executed, and delivered to the plaintiff a mortgage on the premises for $200, due two years after date, with 8 per cent. interest. This mortgage was recorded in the office of the register of deeds of Clinton county. No payments were made upon it, and the plaintiff foreclosed it by adver-

tisement, and bid in the premises, April 28, 1890, for $310.60, being the amount due on the mortgage, with interest, together with the costs of foreclosure. The sheriff, who made the sale, prepared the deed, and, without looking at the mortgage, asked the attorney for the mortgagee in the foreclosure proceeding (who is the plaintiff's attorney here) what rate of interest the mortgage bore, and was informed by him that it was 7 per cent.; and, acting upon that information, he inserted in his deed: "Said mortgage is drawing interest at the rate of 7 per cent. per annum." This deed was filed in the office of the register of deeds of Clinton county, April 29, 1890.

After this mortgage was given, and on September 8, 1886, Mary Ann Barber, who still owned the premises, in consideration of a deed for certain other premises, executed a warranty deed of the property involved in this suit, subject to said mortgage, and placed the deed in the hands of her husband, to be by him delivered to the grantee therein named, one Frederick Smitherman, when Smitherman should thereafter, and within three weeks from that date, obtain from his wife a quitclaim deed of the premises deeded to Mrs. Barber, and deliver the same to Mrs. Barber, Mrs. Smitherman not having joined with her husband in the former deed; or, if he should fail in procuring his wife's deed to the property within the time mentioned, then he was to pay Mrs. Barber the sum of $50, as the costs of foreclosing a mortgage on the premises deeded, so as to cut off Mrs. Smitherman's interest. Smitherman failed to procure this deed or to pay the $50, and the deed to him was in consequence thereof never delivered to him. Smitherman died, and thereafter Mrs. Barber made, executed, and delivered to Nicholas Kennedy, one of the defendants herein, a quitclaim deed of the premises for the consideration of $50, paid her at that time. Ida Kennedy is the wife of Nicholas Kennedy. This last deed was recorded March 4, 1891.

At this time one Jerry Wilson was in possession of the premises, but how he became so possessed is not shown. The defendants procured him to remove, and they went into possession under their deed.

On the same day, and after the deed was given to him, Nicholas Kennedy went to the office of the register of deeds to make redemption from the mortgage. The register of deeds examined the sheriff's deed, and finding written therein the words, "Said mortgage is drawing interest at the rate of 7 per cent. per annum," received from Mr. Kennedy $328.95, that being the amount bid at such mortgage sale, and interest thereon at the rate of 7 per cent. from the date of such sale to March 4, 1891, and destroyed the original sheriff's deed, at the same time writing across the face of the record thereof the word, "Redeemed," and also the words, "This deed redeemed upon the payment to me of $328.95, the full amount of principal and interest due to date, and deed by me destroyed, March 4, 1891," and signed it. The court found that Kennedy, in making this redemption, relied upon the statement in the sheriff's deed that the mortgage drew interest at the rate of 7 per cent., and that there was no proof introduced showing that he had any notice otherwise, except so far as the recorded mortgage was notice. The register of deeds immediately notified the plaintiff by mail that said money had been paid for such redemption, which notice plaintiff received. The plaintiff went to the register's office five days before the time for redemption expired, and refused to take the money, on the ground that the interest should have been computed at 8 per cent.; and, though the plaintiff lived near the defendants, he offered no evidence on the trial that he took any steps to inform the defendants of his claim; but, after the time for redemption expired, brought this action of ejectment.

Upon these facts the court arrived at the following conclusions of law:

1. That the defendants had such an interest in the premises as gave them the right to redeem from such mortgage.

2. That the plaintiff is estopped from claiming a greater rate of interest than 7 per cent. on the amount bid at the foreclosure sale.

3. That the defendants made the redemption according to law, and are entitled to possession of the premises.

Judgment was entered in favor of the defendants. Plaintiff brings error.

The contention of plaintiff's counsel here is:

1. That defendant Kennedy did not acquire such an interest in the premises under the deed from Mrs. Barber as entitled him to redeem, for the reason that the deed from Mrs. Barber to Smitherman had been delivered, and conveyed the title to Smitherman, so that Kennedy took nothing by his quitclaim deed.

2. That defendant Kennedy did not pay an amount sufficient to redeem.

Counsel has brought up all the evidence in the case, and several pages of his brief are devoted to the discussion of the facts; but we can only look at the findings, and determine whether or not the conclusions of law are supported by them. Under the findings, the Smitherman deed was never delivered, and the defendants took title from Mrs. Barber, and under their deed went into possession, and had the same right to redeem that Mrs. Barber would have had. The question, therefore, is whether Kennedy actually did redeem, or whether the plaintiff is in a position, under the findings of fact, to question the fact of redemption by Kennedy.

Plaintiff claims title through the sheriff's deed upon this foreclosure. The defendants, in making redemption, paid all that the deed called for, and it appears that the sheriff was directed by the mortgagee's attorney as to the rate

of interest. It is true that the statute provides that the person making redemption shall pay interest from the time of sale at the rate per cent. borne by the mortgage, but defendants cannot be defeated in their redemption by the carelessness of the mortgagee. While it is not necessary to express in the sheriff's deed the rate of interest, yet it was inserted and was misleading. Plaintiff knew the facts several days before the time of redemption expired, but took no steps to apprise the defendants of them. Upon this ground he should be estopped from making the claim.

But it is not necessary for the defendants to rely upon such an estoppel. Plaintiff claims under the sheriff's deed. It is recited in the deed that the rate of interest is 7 per cent. If this recitation were true, the defendants paid all that they were bound to pay to make the redemption. The plaintiff now seeks to deny this recital in the deed, and at the same time claim under it. He cannot be permitted to do this. If his deed conveys the title to him, he must take it as it is. He cannot adopt those provisions which establish his claim, and repudiate the other provisions. *Jacobs v. Miller,* 50 Mich. 119; *Botsford v. Murphy,* 47 Id. 537. Neither can he keep the deed, and act upon it or claim under it, and at the same time claim that it is not such a deed as should have been given. *Waldron v. Railway Co.,* 55 Mich. 420. The sheriff's deed put in evidence shows upon its face that the defendants paid all that they were called upon to pay in order to make redemption. The court below was correct in its conclusions of law and in entering judgment for defendants.

Judgment affirmed, with costs.

The other Justices concurred.