## RICE v. CITY OF MUSKEGON.

1. SAVING QUESTIONS FOR REVIEW — CASE TRIED TO COURT — RE-
   QUEST FOR FINDINGS—EXCEPTIONS.
   Where, in a case tried to the court without a jury, there is no
   request for written findings of fact and law, and no excep-
   tions are filed, the conclusions reached by the court upon the
   facts and the law are not open to review.

2. SAME—STATEMENT OF COURT—OFFICE AS FINDING.
   A statement made by the court in deciding a case tried to him
   without a jury, no request for written findings of fact and
   law being made, is not the findings contemplated by Circuit
   Court Rule No. 26, necessary to secure a review of the facts
   in this court.

3. EVIDENCE—ADMISSIBILITY—HEARSAY—PARTNERSHIP AFFAIRS—
   COMPETENCY OF AGENT.
   The manager of the affairs of a partnership, who has personal
   knowledge of the matters about which he testifies, is compe-
   tent to testify to the membership of the firm and it is not
   necessary that such fact be shown by a member of the firm.

4. TAXATION—ASSESSMENT—REVIEW—ESTOPPEL.
   A person having no property in a municipality liable to assess-
   ment cannot be estopped because of failure to appear before
   the board of review.

Error to Muskegon; Sessions, J. Submitted October
16, 1907. (Docket No. 75.) Decided January 31, 1908.

Assumpsit by Mary M. Rice against the city of Muske-
gon for taxes paid under protest. There was judgment
for plaintiff, and defendant brings error. Affirmed.

*James E. Sullivan*, for appellant.

*Nims, Hoyt, Erwin & Vanderwerp*, for appellee.

MOORE, J. This suit is brought to recover a personal
tax paid under protest. The case was tried before the
circuit judge who rendered a judgment in favor of the

plaintiff.   The case is brought here by writ of error.   One of the reasons assigned in the protest why the tax was invalid reads as follows:

"Because at the time said assessment was made by the assessor of the city of Muskegon I had no personal property liable to taxation except a partnership interest in two boats owned by Parks & Rice, a copartnership, whose business was principally carried on at the time of said assessment at the city of Grand Haven, Ottawa county, Michigan, which boats were assessed in the city where the office of said copartnership was located and where the business of said copartnership was principally carried on, to Parks and Rice, the copartners aforesaid; and said assessment on said boats was paid to the treasurer of the city of Grand Haven, Michigan, on December 16, 1905."

No request for written findings of fact and law was made by either party.   The court made a statement in deciding the case, which was taken down by the reporter, but this is not the findings contemplated by Circuit Court Rule 26.

In the case of *Haines* v. *Saviers*, 93 Mich. 441, this court said in referring to this rule:

"He who desires to review in this court a judgment, wherein a trial was had before the court without a jury, and to question the conclusions reached by such court upon the facts and the law, must have a written finding, both of facts and law, and must take his exceptions thereto."

See, also, *Child* v. *City of Jackson*, 93 Mich. 503; *Gemberling* v. *Lazarus*, 100 Mich. 324.

Nor were exceptions filed.   Where no exceptions are taken to the findings of facts made by the circuit judge, the appellate court cannot review the facts found or determine whether the findings are supported by the evidence.   *Dodge* v. *Kennedy*, 93 Mich. 547; *Peabody* v. *McAvoy*, 23 Mich. 526; *Barnum* v. *Andrews*, 106 Mich. 81; *Hubbard* v. *Garner*, 115 Mich. 406; *Haines* v. *Saviers*, 93 Mich. 440; *Child* v. *City of Jackson*, 93 Mich. 503; *Gemberling* v. *Lazarus*, 100 Mich. 324; *Weist* v. *Morlock*, 116 Mich. 606.

Where a case is tried by a court without a jury and no exceptions are taken to the findings of the court, the only question that can be considered in the appellate court is whether the findings support the judgment.   *Wilcox* v. *Township of Eagle*, 81 Mich. 271; *Robards* v. *Waterman*, 96 Mich. 233.

Even if the opinion of the court could possibly be treated as findings, as there are no exceptions to such findings, this case must be affirmed unless there was reversible error on the trial or unless there is a total want of evidence to support the judgment.   *Crusoe Bros. Co.* v. *Kudner*, 136 Mich. 587.

Was there a total want of evidence?   Mr. Parks of the firm of Parks & Rice died before the trial.   Mrs. Rice was not sworn.   It is said by counsel that she was out of the State.   The membership of plaintiff in the firm of Parks & Rice was shown by Byron W. Parks.   It is said one of the firm should have testified.   It is also said that the testimony was hearsay.   We think neither of these contentions is well taken.   The witness was the manager of the business of Parks & Rice.   His testimony indicates very clearly that he had personal knowledge of the things about which he testified.   What we have said about this witness also applies in principle to the testimony of Mr. Lange.   There was testimony upon which to base the conclusion reached by the circuit judge.   It is said plaintiff is estopped because she did not appear before the board of review.   We do not recall any case where one having no property in a municipality liable to assessment has been held estopped because of failure to appear before a board of review.   See *Woodmere Cemetery Ass'n* v. *Township of Springwells*, 130 Mich. 466.

Judgment is affirmed.

OSTRANDER, HOOKER, CARPENTER, and MCALVAY, JJ., concurred.