## HAYNIE v. BENNETT.

Plaintiff's grantor paid the stipulated price to a railroad corporation for 16 lots, and entered into possession under a deed containing a provision that it was to take effect only on condition that a house costing not less than $1,000 should be built on the premises and occupied by plaintiff's grantor within one year from the time the railroad's motor line should be completed and running to the premises, but containing no provision for re-entry for condition broken. Plaintiff's grantor and plaintiff continued to occupy the premises, cultivate the land, and pay the taxes thereon. The motor line was abandoned and never completed, and the condition in the deed never complied with. **Held,** that the condition was not a condition precedent, and that plaintiff's title is superior to one derived by sale under execution against the railroad on a judgment rendered after the transfer to plaintiff's grantor.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by M. D. L. Haynie against George P. Bennett. Judgment for plaintiff, and defendant appeals. Affirmed.

*Buell & Gardner,* for appellant.

A condition precedent must be strictly and literally performed before title vests. Tenn. etc: R. R. Co. v. East Ala. Ry. 73 Ala., 426; Van Horne v. Dorrance, 2 Dall., 317; Mesick v. Sunderland, 6 Cal., 308; Brannan v. Mesick, 10 Cal., 95; Page v. Fraser, 14 Bush (Ky.), 208; Nevius v. Gourley, 95 Ill., 213; Thomas v. Eckard, 88 Ill., 593; Sheppard v. Thomas, 26 Ark., 617; Stockton v. Weber, 98 Cal., 433; Rollins v. Riley, 44 N. H., 9; Lowg v. Swinaell, 77 N. C., 176; Brennan v. Brennan (Mass.), 71 N. E., 80; Devlin on Deeds, Vol. 2, Sec. 964; Civil Code, See 1125; Johnson v. Schar, 9 S. D., 541.

*James W. Fowler,* for Respondent.

A condition precedent is one which is to be performed before some right depending thereon accrues or some act dependent thereon is performed. Rev. Civ. Code 1903, Sec. 1122. Johnson v. Schar, 9th S. D., 541. In this case it was a condition that the number of shares be subscribed for to-wit: 500 shares before liability rested upon Shar to pay unless the condition was waived, which was not done. Brannon v. Messic, 10 Cal., 95, Messic v. Sunderland 6, Cal., 308. All conditions and provisos should be taken together

and should be construed in *pari materia,* having in view the manifest intent of the instrument based upon all the clauses of the deed so as to harmonize the entire deed with the granting clause. Dunlap v. Mobley, 71 Ala., 102; Nicholl v. Railway Company, 12 N. Y., 130; Bucksport and C. & R. R. Co. v. Bremer, 67, Maine. 295; Mumford v. Le Frank, et al., 26 Cal., 58. In case of ambiguity in a deed, where it admits of two constructions, it will be construed the most strongly against the grantor or mostly favorable to the grantee. Salmon v. Wilson, 41 Cal., 595; Marshall v. McLean, 3rd Greene, 363. The plaintiff in this case claims title under and by virtue of a prior unrecorded warranty deed. This deed take precedence as against an attachment or judgment title. Kohn v. Laphan, et al., 13 S. D., 78; Robin v. Palmer, 9 S. D., 36; Bateman v. Baccus, 4 Dak., 433; Searls v. Magee, 1 N. D., 365.

FULLER, J. As against appellant, who asserts ownership in fee, respondent prevailed in this action to quiet her title to 16 lots in block 28 of the First subdivision of the Upper Rapid City town site, and the questions of law presented are determinable from facts and circumstances briefly stated in chronological order as follows: Both parties claim through the Upper Rapid City Company as a common source of title, and respondent and William Duff Haynie, her immediate grantor, have been in possession continuously since the 26th day of September, 1891, when the above-named corporation, on receipt of $1,200 as the purchase price agreed upon, conveyed to William Duff Haynie by a grant, bargain, and sale deed containing full covenants of warranty, and also the following repugnant provision, which is immediately preceded by the description of the property; "Upon the express condition that this deed shall take effect and be operative only upon condition that the party of the second part shall build or cause to be built upon the aforesaid premises a dwelling house to cost not less than $1,000, and shall take up his residence upon the said premises within one year from the time when the said company's motor line shall be completed, and the cars running or operated regularly thereon, between Rapid City and the above-described premises." Pursuant to this deed William Duff Haynie and his family occupied a dwelling house situated on the premises and cultivated the land until about the 4th

day of January, 1893, when he sold and by good and sufficient warranty deed conveyed a portion thereof to respondent, who purchased from him the remaining lots in the same manner and for a valuable consideration on or about the 20th day of August, 1895. Since the. execution and delivery of her first deed, respondent has paid the taxes and occupied the premises, or been in possession thereof through her tenants, who have accounted to her from time to time, and appellant and his grantors have always known of such residence, occupation, and tenancy, although the deed to William Duff Haynie was not recorded until April 17, 1903. On the 9th day of June, 1896, A. W. Bangs procured a sheriff's deed, resulting from an execution sale of the property described in the complaint in satisfaction of a judgment against the Upper Rapid City Company, rendered March 22, 1895; and appellant's only claim of title rests on a subsequent deed from A. W. Bangs and a quitclaim deed from the Upper Rapid City Company, executed and delivered on the 18th day of June, 1901.

It is conceded, and the court found, that since the execution of the deed by the Upper Rapid City Company to William Duff Haynie nothing has been done by either party to that instrument, or at all, toward complying with its condition, and the contention of counsel for appellant is that no title ever vested in the grantee. By the terms of the executed deed William Duff Haynie was entitled to go into immediate possession, and the time for complying with his obligation to build a house was dependent upon the construction and operation of a motor line from Rapid City to the premises. The condition is that "within one year from the time when said company's motor line shall be completed and cars running or operated regularly thereon between Rapid City and the above-described premises" the grantee shall build thereon and occupy a house to cost not less than $1,000. Assuming that it was the intention of the parties that the deed should be wholly inoperative until the house was built and the residence established, the time for doing these things would not expire until one year after the motor line is completed and trains are running thereon regularly between Rapid City and the premises in controversy. Waldron v. Railway Company, 55 Mich. 420, 21 N. W. 870. Notwithstanding the recital

that the grant shall have no effect until the grantee complies with a condition, the performance of which is postponed until the grantor does the things specified, the intention to create an immediate estate is clearly gatherable from the deed, which contains no provisions for re-entry upon conditions broken, and under which William Duff Haynie and this respondent went rightfully into possession, paid the taxes, and made valuable improvements upon the premises.

This deed, for which the entire consideration was paid in cash, fully warrants these proprietary acts by the grantee, and the requirement that the house be built and occupied within a year after the motor line was completed and in operation is not a condition precedent. As the provision was reciprocal and for the exclusive benefit of the parties, the abandonment of the motor line at its inception resulted adversely to the grantee, and under all the facts and circumstances disclosed by the record it would be grossly inequitable to enforce a forfeiture in favor of the defaulting grantor or its subsequent judgment creditor, who is an entire stranger to the transaction. As the requirement to build had been dispensed with by the common grantor, for whose benefit it was created, and its estate in the premises wholly divested. by the unrecorded deed, there was nothing conveyed by the execution sale, and appellant took nothing by his subsequent deeds from A. W. Bangs and the Upper Rapid City Company. Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949; Kohn v. Lapham, 13 S. D. 78, 82 N. W. 408.

Whether the building requirement is a condition or convenant, respondent and her grantor were long since discharged from its obligation by the failure to construct and operate the motor line; and the judgment appealed from is affirmed.