# JANUARY TERM, 1917.

## OUDERSLUYS v. CARSTENS.

1. **APPEAL AND ERROR—FINDINGS OF COURT—SAVING QUESTION FOR REVIEW.**

   Where, in a case tried before the court without a jury, the court made a finding of facts and found a judgment in favor of plaintiffs, and on review in this court it is not claimed that the facts found do not sustain the conclusions of law, there is much force in the argument that there is nothing for this court to review.

2. **SAME—FINDINGS OF COURT—EVIDENCE.**

   And in view of Circuit Court Rule 26 and section 15 of the judicature act (Act No. 314, Pub. Acts 1915), allowing exceptions to the findings of the court and assignments of error thereon, where no such exceptions or assignments were taken, and there is abundance of evidence to support the finding of the court, the judgment will be affirmed.

Error to Kent; Lamb, J., presiding. Submitted October 16, 1916. (Docket No. 150.) Decided January 23, 1917.

Assumpsit in justice's court by John D. Oudersluys and Hugh T. Rathbun, copartners, doing business as the Creston Electric Company, against Rudolph D. Carstens and the Gilligham & Smith Enterprises, a corporation, for work done and materials furnished. From a judgment for plaintiffs against defendant Gilligham & Smith Enterprises, said defendant appealed to the circuit court, where the case was heard before the court without a jury. Judgment for plaintiffs. Defendant brings error. Affirmed.

(521)

*H. Monroe Dunham* and *John M. Dunham,* for appellant·

*Hatch, McAllister & Raymond,* for appellees.

MOORE, J. In November, 1915, the defendant Gilligham & Smith Enterprises was the owner of a certain building which it had used as a theater, and which it rented to defendant Rudolph D. Carstens for a jewelry store. These two defendants entered into a written lease of the premises. At the time of the making of this lease it is claimed Mr. Gilligham, the president of the Gilligham & Smith Enterprises, agreed, among other things, for the defendant appellant to repair and put in some electric wiring, and that the lease was not to take effect until this was done. Mr. Carstens called one of the plaintiffs to show him the building, and told him he was about to rent the property, and that the Gilligham & Smith Enterprises were to do certain electric wiring, and requested the plaintiff to see Mr. Seaman, the manager of the defendant company, about getting the job. It. is claimed Mr. Oudersluys then went to see Mr. Seaman in regard to the wiring, and Mr. Seaman directed him to "go on and wire it." The plaintiffs proceeded to do the work, and the amount due therefor was $126.34. It is conceded the work was done, and was worth the amount charged, but each defendant claimed the other should pay for the work. Suit was commenced in justice's court. From a judgment in favor of the plaintiffs, the defendant appellant appealed to the circuit court, where the case was tried before the court without a jury. The judge made findings of fact, among them the following:

"(4) That the manager of the defendant Gilligham & Smith Enterprises directed the plaintiffs to do the work.

"(5) That upon such direction the plaintiffs did

proceed to do the necessary wiring to place the building in a condition for occupancy, and the amount of labor and material furnished by them in doing so amounted to the sum of $126.34, no part of which has been paid, and that this amount is still due to the plaintiffs for said work and labor so performed."

He found a judgment in favor of the plaintiffs against the Gilligham & Smith Enterprises, defendant, and in favor of defendant Carsten, and concluded his findings as follows:

"These findings of fact and law are made without prejudice to any rights or liabilities that may exist between the defendants by way of contribution or otherwise."

There are 44 assignments of error, but in none of them is it stated that the findings of fact are not supported by the testimony, nor is it stated that the facts found do not sustain the conclusions of law, unless said statement can be found in the twenty-eighth assignment of error, which reads:

"The court erred in its conclusions of law upon the facts as stated in said findings."

It is argued with much force that the assignments of error do not present anything for this court to review; counsel citing *In re Hoffman's Estate*, 183 Mich. 67, 69 (148 N. W. 268, 152 N. W. 952), and *Niagara Sprayer Co.* v. *Wood*, 186 Mich. 303 (152 N. W. 1018). We may for the present pass this contention, and consider another phase of the case.

Circuit Court Rule 26 reads in part as follows:

"(*d*) The finding of the facts by the court shall be treated in all respects as a special verdict, and error may be alleged that the same does not support the judgment as on a special verdict."

Section 15, chap. 18, of the judicature act (Act No. 314, Pub. Acts 1915 [3 Comp. Laws 1915, § 12587]), reads:

"In such cases either party may file exceptions to the findings of facts, that such findings are against the clear weight of evidence, and may assign error upon such exceptions, and if an appeal be taken, the same shall be reviewed by the Supreme Court."

In the instant case there is an abundance of evidence sustaining the finding that the work was done by the direction of the manager of the defendant Gilligham & Smith Enterprises.

Judgment is affirmed, with costs to plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.