FEDERAL AUDIT CO. *v.* SAWYER.

1. APPEAL AND ERROR—REVIEW—NEW TRIAL.
   There is no question for the consideration of the Supreme Court on appeal where no request is made for findings of fact or law by the court, and no exception is taken to the making or filing of a judgment containing purported findings and no other exception is taken except as to the court's refusal to grant a motion for a new trial.

2. SAME—DEFECTIVE RECORD—AMENDMENTS.
   Where there are purported findings in a judgment but the record shows no request for findings nor exceptions, the record is not the subject of amendment on appeal by an offer to supply proposed findings and exceptions claimed to have been given to the court after the judgment.

Error to Menominee; Flannigan, J. Submitted April 3, 1917. (Docket No. 13.) Decided May 31, 1917.

Assumpsit by the Federal Audit Company, Limited, against Alvah L. Sawyer for services rendered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Sawyer & Sawyer,* for appellant.

*Corwin & Norcross,* for appellee.

BROOKE, J. This case was heard by the court without a jury. At the conclusion of the taking of testimony and on the 24th day of November, 1914, the court filed the following paper, which is entitled "Judgment" in the printed record:

"In this court, the parties being in court, by their respective attorneys, ready for trial, and the same having been duly brought on to trial before the court, without a jury, and the court, having heard the proofs and allegations of the parties, and the arguments of counsel, after mature deliberation thereon, finds that

the plaintiff did employ the defendant to look after its interest in regard to its account against Abraham Sant, for services as expert accountant, and that his services therefor previous to the appeal to the Supreme Court is reasonably worth the sum of $50; and further finds that the plaintiff did employ the defendant to represent it in the appeal to the Supreme Court in the case of *Sant et al.* v. *Perronville Shingle Company*, and that his services and expenses therein were reasonably worth the sum of $133, of which amount $100 has been paid by the plaintiff, leaving a balance of $33, which the defendant is entitled to set off against the demand of the plaintiff.

"I further find that the said Alvah L. Sawyer did undertake and promise in manner and form as the said Federal Audit Company, Limited, hath, in its declaration in this cause, complained against him; and that the said plaintiff hath sustained damages, on occasion of the premises, after setting off the demand of the said defendant proven on said trial, over and above his costs and charges by it about its suit in this behalf expended, to the sum of $1,172.29.

"Therefore, on motion of Corwin & Souter, attorneys for said plaintiff, it is ordered and adjudged by the court now here that the said plaintiff do recover against the said defendant its damages aforesaid, together with its costs and charges aforesaid, to be taxed, and that the said Federal Audit Company, Limited, have execution therefor.

"It is further ordered that the said defendant have until the first day of the next term of this court in which to settle a bill of exceptions or move for a new trial, that in the meantime all proceedings herein, except taxation of costs, be stayed, provided the said defendant shall, within 20 days from the entry of this order, execute and file the statutory stay bond in the sum of $2,344.58, with two sureties to be approved by the judge of this court."

The printed record likewise contains the following:

"Judgment.
"(Filed and Entered November 24, 1914.)
"Judgment was entered on the same day for $1,-172.29, and the defendant was given a stay of 20 days,

and a further stay until the next term of court, which occurred on the fourth Monday in January following, on filing a bond in double the amount of the judgment. Motion to set aside the judgment and for a new trial was made and entered on the 7th day of May, 1915, which motion is as follows."

There was no demand made by or on behalf of the defendant for findings of fact and law, and none were in fact made by the court. No exception was taken to the making or filing by the court of the paper above set forth called "Judgment" in the record. On May 8, 1915, about 5½ months after the rendition of said judgment, defendant filed a motion for a new trial, setting up five distinct grounds therein. On January 24, 1916, the court filed a paper labeled in the record, "Reasons for Denying New Trial and Findings of Fact," the concluding sentence in which follows: "The motion for new trial for reasons appearing in the foregoing is denied." To this action of the court defendant took the following exception: "To said refusal to grant said motion, the defendant herein duly excepted." We are unable to discover any other exceptions in the record.

Defendant reviews his case in this court under 26 assignments of error, all of them based upon alleged errors in the findings of the court filed upon his denial of motion for a new trial.

We are of opinion that there is nothing before this court for consideration, under the following cases:

In *Stafford* v. *Crawford,* 118 Mich. 285 (76 N. W. 496), it is said:

"Insuperable objections to a consideration of the points made confront us. The record shows that no request for a finding of facts or law was presented before judgment. After judgment was entered, a finding was made on request of the appellant, but no exception to this finding was filed. Circuit Court Rule No. 26 has been ignored. In *Brown* v. *Haak,* 48 Mich.

229 (12 N. W. 219), it was held that the request for findings must precede the entry of judgment. Indeed, the language of the rule is plain and unambiguous. We held in *Coit* v. *Judge of Superior Court*, McGrath, Mand. Cas. No. 704, that a trial court may vacate a judgment to afford opportunity for presenting a request for findings in a proper case, but no showing authorizing such action was made or attempted in this case. The appellee objected to the court's filing findings, and, as the findings were not authorized while final judgment stood, we think the appellee was not bound to propose amendments, and was justified in ignoring the findings. The failure to file exceptions to the findings would also, even if the findings were regular, preclude us from examining any other question than that of whether the findings support the judgment. *Weist* v. *Morlock*, 116 Mich. 606 (74 N. W. 1012)."

In *Rice* v. *City of Muskegon*, 150 Mich. 679 (114 N. W. 661), it is held:

"No request for  *  *  *  findings of fact and law was made.  *  *  *  The court made a statement in deciding the case, which was taken down by the reporter, but this is not the findings contemplated by Circuit Court Rule 26.  *  *  *  Even if the opinion of the court could possibly be treated as findings, as there are no exceptions to such findings, this case must be affirmed, unless there was reversible error on the trial, or unless there is a total want of evidence to support the judgment."

Again, in *Moore* v. *Supply Co.*, 171 Mich. 400 (137. N. W. 270), this court said:

"The judge before whom the cause was tried, without a jury, filed an opinion, but filed no finding of facts and law. It does not appear that he was requested to make findings. It does not appear that exceptions were taken to such conclusions, as from the opinion appear to have been reached.

"Various errors are assigned by the plaintiff, but one of which—the last—which refers to the refusal of a new trial, appears to be based upon an exception. If there are others, they are not pointed out either by

the record or by the brief. A motion for a new trial does not perform the office of supplying exceptions not taken at the trial. It has been repeatedly held that, where no request is made for a finding either of law or facts as required by the rule, and the trial judge does not make any such finding, there is nothing for this court to review."

Recognizing the infirmity of the record, defendant in his supplemental brief says:

"It is possible that the original (plaintiff's proposed findings of fact and law), having been sent to the judge at chambers, was not placed in the files, and the same with exceptions thereto and requested findings of fact and conclusions of law thereafter furnished to the court with a copy to plaintiff's counsel by the defendant.

"In support of this position, we will forward to the clerk of this court (for reference if desired) the letter quoted above, over the signature of plaintiff's attorneys, the copy of plaintiff's proposed findings of fact and conclusions of law, over the signature of plaintiff's counsel, our office copy of defendant's objections to plaintiff's requests, and defendant's requested findings of fact and conclusions of law; and a copy received from plaintiff's counsel of plaintiff's objections, over the signature of its counsel, to defendant's request for findings; also our office carbon copy of letter with which our proposed findings of fact, and our notice of motion for new trial were sent to plaintiff's attorneys May 7, 1915, which letter fully explains that delay had been unavoidable because of illness of defendant and members of his family."

It is clear that a defective record cannot be amended in a manner suggested by defendant.

The judgment is affirmed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred. STONE, J., did not sit.