MARSHALL & ILSLEY BANK v. MOONEY.

1. APPEAL AND ERROR—FINDINGS OF COURT—EXCEPTIONS.
   In view of Circuit Court Rule No. 45, exceptions to certain statements found in the opinion of the court, which was neither in form nor substance a finding of ultimate facts, and no demand for findings of fact and law was made by either party, and no findings were made, present no question for consideration in the appellate court.

2. BILLS AND NOTES—PAYMENT OF DEBT—RIGHT OF ACTION.
   Where defendant as maker gave a note indorsed by himself and other directors of a corporation to secure cash or credit for said corporation, and said note was renewed without defendant's indorsement and was afterwards paid by the other directors, defendant owed the bank nothing, either on account of the note or otherwise, and it could not maintain an action at law thereon, since the evidence shows that it is paid.

Error to Van Buren; Des Voignes, J. Submitted January 30, 1919. (Docket No. 62.) Decided April 3, 1919.

Assumpsit by the Marshall & Ilsley Bank against Walter J. Mooney on a promissory note. Judgment for plaintiff. Defendant brings error. Reversed.

*James E. Chandler* (*W. J. Barnard*, of counsel), for appellant.

*Thomas J. Cavanaugh*, for appellee.

Plaintiff, describing itself as a national banking corporation of Milwaukee, Wisconsin, declares that (1) defendant executed his promissory. note, dated January 28, 1914, payable to himself, for $3,000, due sixty days after date, with interest, and on the same day indorsed the said note and .made it payable in terms to plaintiff, (2) defendant has not paid the note, wherefore (3) plaintiff claims a judgment for $3,000 and interest and costs, etc.   A copy of the note and indorsements is set up, and it appears that the note was indorsed, also, by Milwaukee Western Cold Storage Co., by W. J. Mooney, president, C. D. Cooley, secretary, and by W. A. Hansen, Paul D. Durant, C. D. Cooley, C. W. Noyes, J. C. Gill, Otto L. Kuehn.

Defendant pleaded the general issue, giving notice that when the note in suit was given plaintiff was holder and owner of a note of the Milwaukee Western Cold Storage Company for $3,000, then due, and requested defendant to give his note for a like sum to take the place of the said due note, which defendant did.   The defendant was not liable on the said due note and gave the note in suit for the accommodation of plaintiff, neither party intending that defendant should be liable to pay the same.   With slight variations in recital of facts, this notice is repeated as notice of a second and of a third defense.

The cause coming on to be tried by the court, a judgment was .entered for the plaintiff for $537.88. The record contains the pleadings, a bill of excep-

tions, a copy of exceptions "to the findings of the circuit court," and thirteen assignments of error. The certificate of the judge accompanying the bill of exceptions does not indicate whether all or only a part of the testimony produced at the trial is incorporated therein. It does not appear that any demand for findings of fact and law was made by either party, and no findings were made. An opinion was delivered, and it appears in the record. It is in neither form nor substance a finding of ultimate facts. No amendments were requested. The exceptions referred to specify certain statements found in the opinion, but the grounds of exception are not stated. The assignments of error, based upon the findings, are not more specific. The common form of the exceptions is illustrated by the following:

"Defendant excepts to that part of the findings in which the circuit judge says:

" 'The testimony indicates that this second note was made for the purpose of avoiding any rule relative to past due paper, and in the body of it refers to the original note of Mooney being held as collateral and not in any sense canceling the prior note.' "

It is not suggested in either the exceptions or assignments of error that there was no testimony to support the conclusions of fact which are stated in the opinion and are excepted to nor that the facts found do not support the judgment.

When plaintiff rested, defendant made the following motion:

"Now, if your honor please, I want to move to dismiss. First, I want to move to strike out all the testimony offered in this case in behalf of plaintiff, the Marshall & Ilsley Bank, for the reason that it appears that at the time this suit was commenced, and for a long time prior thereto, so far as the bank was concerned, this note had been paid; that it was not the owner of the note, and had no interest in it whatever

and was not in a position to institute or maintain a suit upon the note, the declaration not counting upon its ownership in trust for the other parties, but as the actual owner. I move to strike out the testimony for that reason to make the record.

"I also move to dismiss this case for the reason that the testimony now affirmatively shows that there was no consideration for this note in question; that the note has been paid, so far as this case is concerned, and that the plaintiff bank has no right of action upon the note. For the further reason that the note was accommodation paper and there is no right of action upon it."

It was refused, and defendant excepted. Error is assigned upon the ruling.

The declaration was filed March 23, 1916, the cause was brought on for trial March 22, 1917, and the opinion of the judge was filed December 28, 1917. Judgment was rendered January 25, 1918. The exceptions were filed March 11, 1918, and the bill of exceptions was settled April 15, 1918. To none of the issues tendered by the pleadings is the testimony for plaintiff addressed. On the contrary, the testimony for plaintiff tends to prove that the directors of a certain corporation desired to obtain money or credit for that corporation from the plaintiff and for this purpose, by mutual agreement, one of them (the defendant) executed the note set out in the declaration as maker, indorsed it, as above set forth, and was joined as indorser by the company for which the money was secured and by the other directors. The bank accepted the note, giving cash or credit to the Milwaukee Western Cold Storage Company therefor, which company, as between the parties to the note, was the principal—primary—debtor, all other parties to the note being as to it, the company, sureties. When the note became due, another note for a like amount was given to the bank in its place. The renewal note was offered in evidence, but does not appear in the record. The tes-

timony regarding it tends to prove. that it was made by the Milwaukee Western Cold Storage Company and indorsed by those who indorsed the first note, excepting only defendant. This note was paid, partly by a dividend in bankruptcy proceedings, the balance by the men who had indorsed it, five in number. The debt evidenced by the note in suit was thereby discharged. The plaintiff has now no interest in either note. Defendant owes it nothing on account of the note declared upon. The cause of action does not arise upon the note, but upon the payment of the debt by the indorsers, and plaintiff seeks to recover, and recovered, not the amount of the note declared upon, but the sum of money which defendant would have paid if, contributing equally with his co-obligors, the note had been paid at maturity, with interest, less the dividend referred to.

OSTRANDER, J. (*after stating the facts*). Errors assigned upon the so-called findings of the court will not be considered. They present no question for our consideration. The reasons why they present no question have been so many times stated that we content ourselves with a reference to Circuit Court Rule No. 45, the decisions collected in any annotated edition of the court rules, and to *Oudersluys* v. *Carstens*, 194 Mich. 521; *Couple-Gear Freight Wheel Co.* v. *Railway Co.*, 196 Mich. 429, 431 *et seq.; Federal Audit Co.* v. *Sawyer*, 196 Mich. 566, and cases cited.

It remains to consider whether the refusal of the court to strike out the testimony for plaintiff and to dismiss the case (assignments of error 1 and 2) was reversible error. We are of opinion that it was. When plaintiff rested, there was no testimony tending to prove the case made by the declaration, and the motion to strike out the testimony should have been granted, or a judgment for defendant directed.

The objection is not merely to the form of the ac-

tion. It is addressed, in part, to the fact that the testimony for plaintiff proves that the note in suit is paid, that plaintiff's debt, originally evidenced by the note, is paid, that defendant owes it nothing, either on account of the note or otherwise. We are not called upon to determine whether the alleged co-sureties of defendant who paid the debt, originally evidenced by the note in suit, may enforce from defendant contribution. The doctrine that money paid by a surety or a co-surety may be recovered in an action at law upon the implied promise of each surety to each to contribute their respective parts whenever equitable principles require contribution, if fully approved and applied here, obviously does not permit plaintiff to recover in this action upon this note.

The judgment is reversed, with costs of both courts to defendant.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.