## SEARS, ROEBUCK & COMPANY v. JONES.

1. CONTRACTS—REVOLVING CHARGE ACCOUNT—AUTHORITY—RATIFICA-
TION—EVIDENCE.

　　Authorization or ratification of wife's action in signing a revolving charge account agreement *held*, not shown in record in action against husband for balance alleged to be due under the agreement.

2. APPEAL AND ERROR—REQUESTS TO CHARGE—EVIDENCE.

　　It was not error for trial judge to refuse to give plaintiff's request to charge that defendant had ratified his wife's action in making revolving charge account agreement, where there is no proof that he had ratified it.

3. CONTRACTS—AUTHORITY—EVIDENCE.

　　Trial court's limitation of jury decision to question of authorization of the revolving charge account contract by defendant *held*, not error, where there is no proof of authorization or proof from which authorization might be inferred.

4. APPEAL AND ERROR—THEORY OF CASE—CONTRACTS—NECESSARIES.

　　Submission of case to jury on theory that merchandise purchased from plaintiff was necessaries *held*, not permissible, where plaintiff chose to stand on its declaration on a specific contract.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 26 Am Jur, Husband and Wife § 392.
[2] 4 Am Jur 2d, Appeal and Error §§ 537, 538.
[4] 5 Am Jur 2d, Appeal and Error § 811.
[5, 6] 5 Am Jur 2d, Appeal and Error § 880 *et seq.*

5. SAME—SUPPRESSION OF EVIDENCE—RECORD.
    Record in action to recover alleged balance due from defendant
      husband under revolving charge account agreement *held*, to
      support trial court's finding that defendant had not suppressed
      evidence material to plaintiff's case.

6. SAME—QUESTIONS REVIEWABLE—UNSUBSTANTIATED CLAIMS OF
   ERROR.
    Claims of error dealing with rulings of the trial court on eviden-
      tiary matters which are unsubstantial or unsubstantiated on
      the record presented are not discussed.

Appeal from Common Pleas Court for the City
of Detroit; Vokes (David C.), J. Submitted Divi-
sion 1 January 6, 1966, at Detroit. (Docket No.
773.) Decided February 22, 1966.

Assumpsit by Sears, Roebuck & Company, a New
York corporation, against Rance A. Jones and Doris
Jones, jointly and severally, on a revolving charge
account. Service was had on defendant Rance A.
Jones. Verdict and judgment for defendant. Plain-
tiff appeals. Affirmed.

*Balfour D. Peisner,* for plaintiff.

*Harris, Stein & Hooberman,* for defendant.

QUINN, J. Plaintiff sued defendants in common
pleas court of Detroit. Defendant Rance A. Jones
appeared and defended. Jury trial resulted in a
verdict of no cause for action from which plaintiff
has appealed.

Suit was filed on a contract attached to plaintiff's
declaration. The contract is designated "Sears re-
volving charge account agreement". It is signed
Mrs. Rance Jones, conceded to be the wife of Rance
A. Jones, and it obligated Mrs. Rance Jones to pay
for merchandise purchased on the revolving charge
account. The account showed a balance due at time

of trial of $661.12. Rance A. Jones denied he was obligated on the contract and denied making any payments on it. It is undisputed on the record that Rance A. Jones made no purchases from plaintiff and that when plaintiff first saw him about the account some four months after the last purchase, he questioned his responsibility for the account. The record does not show that Rance A. Jones made any of the payments credited to the account.

The controlling issues before this court are whether Rance A. Jones authorized the contract or purchases or whether he ratified the contract. The record is devoid of proof of these issues, and we are compelled to hold that plaintiff has proved none of them. *Winchell* v. *Mixter* (1946), 316 Mich 151. This fact also disposes of plaintiff's alleged error on the part of the trial judge in refusing to give plaintiff's request to charge on ratification.

Plaintiff contends the trial court erred in limiting jury decision to the question of authorization of the contract by Rance A. Jones. Since the record contains no proof of authorization or proof from which authorization might be inferred, this was not error. In fact, defendant's motion for directed verdict at the close of plaintiff's proofs should have been granted. *Marshall & Ilsley Bank* v. *Mooney* (1919), 205 Mich 518.

Plaintiff further contends the trial court erred in not submitting to the jury the issue of defendant's liability on the theory that the merchandise purchased was necessaries and in failing to give plaintiff's request to charge on this theory. Plaintiff's declaration precluded submission of the necessaries theory to the jury, and a charge to the jury on that theory would have been error. *Iler* v. *Baker* (1890), 82 Mich 226. Plaintiff chose to stand on its declaration on a specific contract. Even though alerted by

argument of counsel and rulings of the court on defendant's motion for directed verdict that the pleadings and proof then before the court limited the issue to the contract, plaintiff made no move to amend.

Plaintiff also claims the trial court erred in determining there was nothing in the record to sustain a finding that Rance A. Jones suppressed evidence material to plaintiff's case. The trial court was correct in this respect.

Plaintiff's remaining claims of error dealing with rulings of the trial court on evidentiary matters are so unsubstantial and unsubstantiated they do not merit discussion.

Affirmed, with costs to appellee.

Lesinski, C. J., and J. H. Gillis, J., concurred.